Carmichael *et al. v.* Lawrence.

---

### CARMICHAEL ET AL. *v.* LAWRENCE.

PARTIES.—*Civil Township and School Township.*—A complaint against a township for money alleged to be due for building a school-house should be against the school township, and not against the civil township.

From the Greene Circuit Court.

*J. R. Isenhower* and *H. Burns,* for appellants.

*E. E. Rose* and *J. D. Alexander,* for appellee.

DOWNEY, J.—The appellee sued Center township, of Greene county, alleging that Joseph Lawrence, her husband, entered into a contract with John W. Carmichael, then the trustee of Center township, to build a school-house in district number ten, and that said George Burch, as such trustee, promised to pay said Joseph Lawrence five hundred and ninety-five dollars for the building of said house; that in pursuance of the contract, Lawrence built the school-house; that Byrd Combs was elected the successor of said Burch, and is now acting as such; that Lawrence never received the pay for building said house, or any part thereof, except one hundred and fifty dollars.

It is then alleged, that "on the 20th day of July, 1872, said plaintiff, widow of said Joseph Lawrence, filed her affidavit in the common pleas of said county, alleging that the real and personal estate of said Joseph Lawrence did not exceed five hundred dollars ; that appraisers were appointed, appraisement made and returned, and said balance due on said school-house was included in said appraisement, in all amounting to three hundred and thirty-two dollars and fifty cents; whereupon the said court ordered it to vest in said plaintiff, and gave her a certificate of the same."

It is also alleged, that she demanded of said Byrd Combs, trustee, etc., the balance due for building said house, which he refused to pay; wherefore she demands judgment for four hundred dollars, etc.

The defendant, the township, demurred to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, which demurrer was overruled.

The defendant then answered :

1. A general denial.

2. Payment to Joseph Lawrence before his decease.

3. That the house was built in an unskilful manner, and was, on that account, worth less by two hundred dollars than it would have been if built according to contract.

4. That the said plaintiff was not the real party in interest, but that said Joseph Lawrence, before his decease, sold

and assigned the cause of action to John W. Carmichael, and that he is the owner thereof.

This paragraph was sworn to by Carmichael. At this stage of the case, Carmichael was made a defendant in the action, on application of the plaintiff, and what is called a supplemental complaint was filed against the township and Carmichael.

In this pleading, she alleges the making of the contract with Burch by her husband, and the other facts as in the preceding complaint, adding, that when she commenced the action she did not know that any one else claimed said amount, nor, until the trustee filed his answer, that the balance was due to Carmichael. She prays that Carmichael may answer as to his interest in the claim, and for judgment as in the original complaint.

Carmichael answered:

1. A general denial.

2. That Lawrence, before his death, transferred and assigned all his interest in said balance due him to him the said Carmichael, and that he is now the owner thereof.

Reply to the second paragraph of the answer of Carmichael, by general denial. There is no reply in the record to the answer of the township.

There was a trial by jury, a verdict, a motion for a *venire de novo* sustained, a second trial by jury, and a general verdict for the plaintiff for one hundred and eighty-nine dollars and fifty-five cents. The jury, also, in answer to interrogatories submitted to them, found the amount due on the contract; and that Joseph Lawrence did not sell and transfer his interest in the contract for the balance due him to Carmichael; but they also found that Carmichael made an agreement with Lawrence, by which he, Carmichael, was to furnish the materials for the school-house, and after deducting the value of such materials, the balance due Lawrence for building such house was to be paid to Carmichael, and to be credited on a note held by Carmichael against Lawrence.

On this finding, Carmichael moved for judgment in his favor against the township, for the amount of the finding, notwithstanding the general verdict. This motion the court overruled.

The defendants then moved for a *venire de novo,* on the ground of the inconsistency of the verdict ; which motion was also overruled. They then moved for a new trial, which was refused, and final judgment rendered on the verdict in favor of the plaintiff.

The township assigns as error :

1. The overruling of its demurrer to the first complaint.

2. Allowing the plaintiff to file the second complaint, and make Carmichael a party.

3. That the second complaint does not state facts sufficient to constitute a cause of action.

4. Overruling the motion for a new trial.

5. Rendering a judgment against the township in its capacity of a civil township, instead of as a school township.

Carmichael assigned as errors :

1. That the second complaint does not state facts sufficient to constitute a cause of action.

2. The overruling of the motion for a new trial.

3. The refusal to render judgment in his favor on the special findings of the jury.

4. Overruling his motion for a *venire de novo.*

The first question relates to the sufficiency of the original complaint. If this complaint is correctly copied into the transcript, it was very carelessly drawn. It alleges, that Joseph Lawrence entered into a contract with Carmichael, then the trustee of the township, and then immediately alleges, " that the said George Burch, as such trustee, promised to pay," etc.

It is objected to the complaint, that it is against the township as a civil township, when it should be against the township as a school township.

The second complaint is liable to the same objection, so

that if the first is bad for the reason assigned, the second also is bad.

There are two corporations in Greene county, with almost the same name. One is "Center Township of Greene County," made such by the act of February, 1859, 1 G. & H. 636, sec. 4; the other is "Center School Township of Greene County," made such by the act of March 3d, 1859, 1 G. & H. 570, sec. 1. The first is denominated a civil township, and the second a school township. This distinction is made in the school law: "Each civil township in the several counties in this State is hereby declared a township for school purposes, and the trustee for such township shall be trustee, treasurer and clerk for school purposes." 1 G. & H. 543, sec. 4. It must be contemplated that the funds, etc., of these two corporations shall be kept separate. It is as an officer of the school township, and not as an officer of the civil township, that the trustee has authority and power to levy a tax for the erection of school-houses, and to expend the same for that purpose. 1 G. & H. 544, sec. 9. We think it must follow, that it is as trustee of the school township, and not as trustee of the civil township, that the trustee must contract for the building of school-houses. We do not think the trustee of the civil township can legally contract for the building of a school-house, and make the civil township liable therefor. In the case under consideration, the action is against the civil township, seeking to render it liable for the cost of constructing the school-house, and not against the school township, the corporation which should be liable, if any one.

It appears to us that the objection made to the complaint is fatal to it, and that the decision of this point against the appellee renders it unnecessary for us to decide any other question in the case, as the record now stands.

The judgment is reversed, with costs, and the cause remanded for further proceedings.