## MORRISON ET AL. *v.* MCFARLAND.

CONTRACT.—*School Teacher.*—*School Trustees.*—*Individual Liability.*—The trustees of the school corporation of a town, in their official capacity, employed a teacher at a stipulated compensation per day for a stated length of time, and afterwards, before the time expired, paid her to date, informed her that they no longer needed her services, and, without any violence, removed the scholars theretofore under her charge from the school room where she had taught, though she was ready and willing to continue to teach the stated time.

*Held,* that for such violation of their contract the trustees were not personally and individually liable.

From the Howard Circuit Court.

*D. Moss* and *F. M. Trissal,* for appellants.

*J. O'Brien, W. O'Brien* and *R. Graham,* for appellee.

DOWNEY, J.—This action was by the appellee against the appellants. It was commenced in the Common Pleas of Hamilton county, and after two changes of venue, was tried in Howard county. The complaint was in three paragraphs; but as the third was withdrawn, we need take no further notice of it.

The first paragraph alleges, substantially, that the defendants were the trustees of the school corporation of the town of Noblesville, in January, 1872, and employed the plaintiff as a teacher in the school of the town, to serve during and until the end of the school year, which she alleges was the 28th of June, 1872, at the compensation of three dollars and a quarter per day; that she entered upon the discharge of her duties as such, and continued to serve as such until the 29th day of March succeeding, when, without notice or cause, she was discharged by the defendants, and unlawfully and forcibly prevented from complying with her contract. She avers that she was ready and willing, during all the remainder of the school year, to comply with her contract; but the defendants would not allow her to do so, and they have refused to pay for the said time at the rate aforesaid, although she has demanded payment.

The second paragraph sets forth the same contract and breach thereof, and alleges that the plaintiff was unable to obtain employment as a teacher for the residue of the year, that being her means of making a support, etc.

The defendants Morrison and Wiles answered, alleging that the several contracts set forth in the complaint are one and the same; that at the time of making the same, they and their co-defendant were the legal trustees for school purposes of said town; that as such they employed the plaintiff to teach in the public school during their pleasure as such trustees, for three dollars and twenty-five cents a day, payable out of the school revenue apportioned to the town for tuition purposes, and in no other way or manner; all of which the plaintiff knew; that before the commencement of this action they fully paid the plaintiff, at the rate of three dollars and twenty-five cents per day, for each day she taught in the school. They then allege that since making such payment the term of office of all of the defendants has expired, and other persons, who are named, have been elected and have qualified as their successors, and are acting as such.

A demurrer to this answer, assigning for cause that it did

not state facts sufficient to constitute a defence, was filed by the plaintiff and sustained by the court.

An additional paragraph of answer was then filed, in which the defendants allege that as such trustees they employed the plaintiff, without stating for what period, and that on the 29th day of March, 1872, not having further need for her services as such teacher, they did, in their official capacity, as such trustees, discharge her, as they had full right for the cause aforesaid to do, using no force whatever. They allege that the plaintiff well knew, when she was employed, and when she was discharged, that the defendants were acting in their official capacity as such trustees, and not in their individual capacity. They also allege in this paragraph payment for the time during which the plaintiff served as teacher; and also that their term of office has expired, and successors have been elected, naming them, who are acting as such.

A demurrer to this paragraph also was filed and was sustained by the court. The defendants thereupon filed a general denial of the complaint. The issue was tried by a jury, and there was a verdict for the plaintiff, with answers to interrogatories, in which the jury found that the defendants, at the time of making the contract with the plaintiff, were the legally elected, qualified and acting school trustees of the town of Noblesville; that in their official capacity they employed the plaintiff; that the plaintiff knew this at that time; that the defendants fully paid the plaintiff for every day she taught in the school; that the defendants used force for the purpose of preventing the plaintiff from teaching, but only by simply withdrawing the students that before that time had been under her charge from her room, and placing them in another room under the charge of another teacher.

A motion was made by the defendants for a new trial, which was overruled, and there was final judgment for the plaintiff against the defendants personally and individually.

Errors are assigned calling in question the sufficiency of the complaint, the correctness of the ruling of the court on

the demurrers to the paragraphs of the answer, and in refusing to grant a new trial.

It is contended by counsel for the appellee that the trustees are personally and individually liable, on account of their refusal to allow the appellee to complete the term for which she engaged to teach; while counsel for the appellants urge that they are not thus liable, and that if the appellant has any remedy, it is against the school corporation. Counsel for appellee cite the following authorities: ·

*The City of Crawfordsville* v. *Hays,* 42 Ind. 200; *Robinson* v. *Chamberlain,* 34 N. Y. 389; *Adsit* v. *Brady,* 4 Hill, 630; *Ohio, for use of Story,* v. *Jennings,* 4 Ohio St.418; *The State* v. *Lines,* 4 Ind. 351; *The State* v. *Littlefield,* 4 Blackf. 129; *The State* v. *Flinn,* 3 Blackf. 72.

Counsel for appellants cite:

*Newman* v. *Sylvester,* 42 Ind. 106; *The City of Crawfordsville* v. *Hays, supra*; *Baker* v. *The State,* 27 Ind. 485; *Houston* v. *The Board, etc., of Clay Co.,* 18 Ind. 396; *Walker* v. *Hallock,* 32 Ind. 239; *Lynn* v. *Adams,* 2 Ind. 143; *Carter* v. *Harrison,* 5 Blackf. 138; *Jordan* v. *Hanson,* 49 N. H. 199.

To which we may add *Nowell* v. *Wright,* 3 Allen, 166; Dillon on Municipal Corporations, sec. 176, note 2.

After an examination of these authorities and the best consideration that we can give the question submitted, we have come to the conclusion that the judgment cannot be sustained. We do not deem it necessary to consider each assignment of error and each reason for a new trial separately. Counsel agree upon the material point in the case to be decided. The substance of the case is, that the defendants, as trustees, made the contract with the plaintiff. They acted for the school corporation, and not for themselves individually, and, acting as trustees, they terminated the contract by informing the plaintiff that they had no longer any need of her services. There was no force or violence used by the defendants. The plaintiff persisted in her

attempts and offers to teach until no one can reasonably doubt her willingness to go on and fulfil her engagement,, had she been allowed to do so.

. Both parties refer to *The City of Crawfordsville* v. *Hays.* That was a case in its facts much like this. In that case, the action and judgment were against the school corporation. We think that the mere violation of the contract by the trustees, in their official capacity, which they had entered into for the corporation, did not render them personally and individually liable, and we do not think any of the authorities cited by counsel for the appellee go to that extent.

The judgment is reversed, with costs, and the cause remanded, with instructions, on the demurrers to the special paragraphs of the answer, to adjudge the complaint bad, and render judgment for the defendants.