### McLAUGHLIN *v.* SHELBY TOWNSHIP, JEFFERSON CO.

TOWNSHIP.—*Civil and School Townships.*—When a township is mentioned by name, without the designation " school," it must be understood to be the corporation the purpose of which is the transaction of ordinary township business, to which the term " civil " is sometimes applied, and which is a corporation entirely distinct from that of the school township existing in the same territory.

SAME.—*Contract for Erection of School-House.—Demurrer.*—A civil township has no authority to make a contract for the erection of a school-house ; and if it sue on a contract for the erection of a school-house, the complaint, though it may state a good cause of action in favor of the school township, will be bad on demurrer.

From the Jefferson Circuit Court.

*C. E. Walker, W. G. Roberts, E. R. Wilson* and *W. T. Friedley,* for appellant.

*C. A. Korbly,* for appellee.

WORDEN, J.—This was an action by the appellee against the appellant, upon a contract concerning the erection of a school-house. Demurrer to the complaint overruled, and exception. Such proceedings were had as that final judgment was rendered for the plaintiff below.

The appellant has assigned for error, amongst other things, the overruling of the demurrer to the complaint, and that the complaint does not state facts' sufficient to constitute a cause of action.

A complaint, to be good, must state facts sufficient to constitute a cause of action in favor of the party who sues. The civil township is the plaintiff in this case, and though there may be a good cause of action stated in favor of the school township, there is none in favor of the civil township. The civil township has no authority to make contracts for the erection of school-houses. *Carmichael* v. *Lawrence*, 47 Ind. 554.

The contract sued upon in this case is a written one and purports on its face to have been executed between the civil township, by her trustee, and the defendant. Whether it might not be construed, or shown by averment, to have been entered into between the school township and the defendant, we do not decide. If it is to be regarded in no other light than as a contract between the civil township and the defendant, it is void for the want of power on the part of the township to enter into it. Hence, if any right of action upon it exists, it is in favor of the school township.

The counsel for the appellee, however, controvert the proposition that there are two distinct corporations in the same territory, the one being the civil, and the other the school township. Such was held to be the case in *Carmichael* v. *Lawrence*, *supra*. See, also, *Steinmetz* v. *The State*, 47 Ind. 465. Upon a re-examination of the question, we are not able to arrive at any different conclusion.

The fourth section of the act to provide for a more uniform mode of doing township business, etc., 1 G. & H. 636, provides, that " each and every township, that now is, or may hereafter be organized in any county in this State, is hereby declared a body politic and corporate, by the name and style of —— township of —— county, according to the name of the township and county in which the same may be organized, and by such name may contract and be contracted with,

sue and be sued in any court having competent jurisdiction."
The object and purpose of this corporation is the transaction
of ordinary township business, and though the word " civil"
is no part of the name of the corporation, that term has been
sometimes applied to it. When, therefore, for example,
" Shelby township of Jefferson county " is mentioned, it must
be understood to refer to the corporation provided for in the
above statute, and not the school corporation hereinafter
mentioned.

Then the first section of an act incorporating school town-
ships, etc., 1 G. & H. 570, provides, "that each and every
township that now is, or may herereafter be organized in
any county in this State, is hereby also declared to be a
school township, and as such to be a body politic and cor-
porate, by the name and style of —— school —— town-
ship of —— county, according to the name of the township
and of the county in which the same may be organized, and
by such name may contract and be contracted with, sue and
be sued, in any court having competent jurisdiction." Here
is a corporation created, distinct from that provided for in
the act first above set out, to be denominated —— school
township of —— county, according to the name of the town-
ship and county, with power to sue and be sued as such.

But this act did not embrace towns and cities, and it was
afterwards provided, in an act approved March 6th, 1865,
3 Ind. Stat. 440–1, sec. 4, that "each civil township and
each incorporated town or city in the several counties of the
State is hereby declared a distinct municipal corporation for
school purposes, by the name and style of the civil town-
ship, town or city corporation, respectively, and by such
name may contract and be contracted with, sue and be sued in
any court having competent jurisdiction, and the trustees of
such township and the trustees provided for in the next section
of this act, shall, for their township, town or city, be school
trustees, and perform the duties of clerk and treasurer for
school purposes." This act shows unequivocally an inten-
tion on the part of the legislature to create school corpora-

tions, distinct and separate from the corporations of the civil townships, towns and cities. The language is "each civil township and each incorporated town or city," etc., "is hereby declared a distinct municipal corporation for school purposes," etc. Distinct from what? Clearly from the corporations of the civil townships, towns and cities. Language could scarcely make it plainer. We see nothing in this act that changes the name of the school townships as provided for in the act previously noticed. The two statutes are consistent with each other and may stand together.

The complaint, as we have seen, states no facts giving the plaintiff any right of action, and the judgment will, for that reason, have to be reversed.

There is a brief on file in which one of the counsel for the appellant asks us, though we should decide the point thus considered for the appellant, to consider and pass upon some other questions that arose during the progress of the cause in the court below. We, however, have no time or energy to waste in the pursuit of mere abstractions, or questions not arising in the record.

The judgment below is reversed, with costs.

Petition for a rehearing overruled.