SIMS ET AL., SCHOOL TRUSTEES, *v.* McCLURE ET AL.

PARTIES.—*School Corporation.*—An action to recover for materials furnished and services rendered by the plaintiff in the erection of a school-house, under the employment of the school trustees of a city, should be brought, not against such trustees, but against the school corporation, by the name and style of "The School City of ——," filling the blank with the name of the city.

From the Carroll Circuit Court.

*J. H. Gould*, for appellants.

*L. E. Reynolds*, for appellees.

BIDDLE, C. J.—The appellees sued the appellants, as

school trustees, for materials furnished and services rendered in building a school-house. The appellants claim that, as the employment by them of the appellees was as school trustees of the city of Delphi, for the purpose of building a public school-house, the school city should have been sued in its corporate capacity, and not the trustees by their individual names. In this, we think, they are right.

By the first section of the act of March 3d, 1859, 1 G. & H. 570, each township is made a body corporate by the name and style of " —— School Township of —— county," according to the name of the township and county in which it is organized. This section, as to the school corporation and its name, is not repealed by the act of March 6th, 1865, 3 Ind. Stat. 440, but by the fourth section of the last named act is approved, and also made applicable to incorporated towns and cities, as well as to civil townships.

In our opinion, the suit should have been brought against the school corporation, by the name and style of " The School City of Delphi." This question has been heretofore settled in the case of *Carmichael* v. *Lawrence*, 47 Ind. 554, followed in the cases of *McLaughlin* v. *Shelby Township*, etc., *ante*, p. 114, and *Morrison* v. *McFarland*, 51 Ind. 206.

The judgment is reversed, with costs; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings according to this opinion.