## THE CITY OF HUNTINGTON v. DAY.

CITIES AND TOWNS.—*Parties.*—*School Corporation.*—*Summons.*— *Upon Whom Served.*—An action against a city, to recover for the value of services rendered by the plaintiff, for the defendant, in the erection of school buildings by the ,latter, can not be maintained against such city in her ordinary, municipal capacity, but must be brought against her as " The School City of ———," and the summons served upon her school trustees.

From the Huntington Circuit Court.

*B. F. Ibach* and *G. W. Stultz*, for appellant.

*L. P. Milligan*, for appellee.

NIBLACK, J.—Day, the appellee, sued the city of Huntington " for work and labor, care and diligence, done and bestowed to, in and about the business of the defendant, by the plaintiff, as school trustee, at the special instance and request of the defendant."

Accompanying the complaint was a bill of particulars, as follows:

" The City of Huntington
To Samuel F. Day,       Dr.

" To superintending building of school-house, from May the 1st, 1872, to March 31st, 1873, making 255 days, at $2.50 per day,   .   .   .   .   .   .   $637. 50."

The appellant demurred to the complaint, assigning, as one of the grounds of objection, that it did not state facts sufficient to constitute a cause of action.

The demurrer was overruled by the court, to which the appellant excepted.

An answer and reply were then filed, forming an issue in the cause, and there was a trial, resulting in a verdict and judgment for the appellee.

The overruling of the demurrer to the complaint is assigned for error, in this court.

Our statute constitutes each incorporated town and city of the State a distinct municipal corporation for school purposes, and the school corporations thus created can

contract and be contracted with, sue and be sued, in any court having competent jurisdiction. The school trustees for such incorporated towns and cities perform the duties of clerk and treasurer of their respective towns and cities, in all matters pertaining to the public schools. See 1 R. S. 1876, p. 780, sec. 4.

The distinction between the corporations organized for the purposes of ordinary civil administration, in such towns and cities, and those created out of them for school purposes, is fully recognized by other provisions of the statute. When a town or city is sued in its character as a civil, or ordinary municipal, organization for general purposes, the summons must be served on its mayor or other chief officer, or if he can not be found, then on its marshal. See, also, 2 R. S. 1876, p. 48, sec. 36. When sued as a school corporation, service must be on the school trustee. See 1 R. S. 1876, p. 810, sec. 144.

There is no averment in the complaint, in the case before us, which makes it a proceeding against the city of Huntington as a school organization. It is the " City of Huntington," and not the " School City of Huntington," which is sued.

The city, in the character in which it is sued in this action, has nothing to do with the erection of school-houses, either within its own limits or elsewhere, and, hence, can not be made liable for any services performed in building them. See *Sims* v. *McClure*, 52 Ind. 267; *McLaughlin* v. *Shelby Township*, 52 Ind. 114; *Morrison* v. *McFarland*, 51 Ind. 206; *Carmichael* v. *Lawrence*, 47 Ind. 554.

We think the complaint was clearly insufficient, and that, consequently, the court erred in overruling the demurrer to it.

Other questions were reserved on the trial of the cause, but the view we have taken of the complaint makes it unnecessary that we shall consider them as at present presented.

The judgment is reversed, at the costs of the appellee, and the cause is remanded for further proceedings in accordance with this opinion.