JACKSON TOWNSHIP *v.* BARNES ET AL.

TOWNSHIP.—*Power to Contract.*—A civil township has no power to make a contract for the benefit of school property.

SAME.—*Parties.*—A suit against a township, in its name as a civil township, upon a contract made by the trustee of such township as "township trustee," for school furniture, is a suit against the civil township, and can not be maintained.

SAME.—In a suit against such township, in its name as a civil township, an allegation that it is "a corporation for the purposes of common schools" does not render such action one against the school township, but is a mere *descriptio personæ*.

PROMISSORY NOTE.—*Suit by Assignee.*—*Evidence.*—In a suit against the maker, only, of a promissory note, by one alleging himself to be the owner thereof by a written assignment, such assignment must be given in evidence on the trial of such cause, or the plaintiff can not recover.

From the Huntington Circuit Court.

*H. B. Sayler* and *J. B. Kenner*, for appellant.

*B. M. Cobb*, for appellees.

Howk, J.—The appellees, as plaintiffs, sued Jackson township, of Huntington county and the State of Indi-

ana, " a corporation for the purposes of common schools," as defendant, in the court below. Appellees' complaint was in a single paragraph, and it was alleged therein, in substance, that on the 10th day of June, 1869, the appellant, by its agent, the township trustee, Michael Minnich, became indebted to D. D. Vandie & Co. in the sum of two hundred and eighty-eight dollars, with interest from date, for twelve sets of Monteith's School Maps, purchased and used by appellant as school apparatus, and proper and necessary as such, and, as evidence of such indebtedness, the appellant executed its written obligation to pay said amount, on the 1st day of June, 1872, which obligation was assigned, by endorsement thereon, in writing, to appellees, and copies of which were filed with and made part of said complaint. And the appellees averred, that said money and interest were due and unpaid, and that, since the same became due, the sum of three thousand dollars of the fund specially set apart by law to pay such claims, to wit, the special school fund of said township, had come into the hands of appellant's agent, the township trustee, and that the appellant, though often requested, had failed, refused and neglected to pay said sum or any part thereof. And appellees demanded judgment for five hundred dollars, and other proper relief.

The written obligation, mentioned in appellees' complaint, was in the words and figures following, to wit:

"$288.00. ROANOKE, IND., June 10th, 1869.

" Treasurer of Jackson township, Huntington county, State of Indiana, will pay to D. D. Vandie & Co., Greenfield, two hundred and eighty-eight dollars, with interest, for twelve sets Monteith's School Maps. Payable June 1st, 1872.

(Signed) " MICHAEL MINNICH, Township Trustee."

The copy of the alleged assignment in writing of this obligation to the appellees, mentioned in their complaint, is not in the record, either as matter of pleading or as matter of evidence.

Appellant demurred to appellees' complaint, for the want of sufficient facts therein to constitute a cause of action; which demurrer was overruled by the court below, and to this decision appellant excepted. Appellant then answered in two paragraphs:

1st.   A general denial; and,

2d.   A special defence.

Appellees demurred to the second paragraph of appellant's answer, which demurrer was sustained, and to this decision appellant also excepted. There was a trial by the court below, without a jury, and a finding made, in favor of appellees and against appellant, for the sum of three hundred and seventy-eight dollars. On written causes filed, the appellant then moved the court below for a new trial, which motion was overruled, and to this decision appellant excepted. And judgment was then rendered by the court below, upon its finding, from which judgment the appellant now prosecutes this appeal.

In this court, the appellant has assigned the following alleged errors:

1st.   The overruling by the court below of appellant's demurrer to appellees' complaint;

2d.   The sustaining by the court below of appellees' demurrer to the second paragraph of appellant's answer; and,

3d.   The overruling by said court of appellant's motion for a new trial.

It is very evident that the corporation, actually sued in this action, was the civil township, although the appellees probably intended to sue the school township. For the words, "a corporation for the purposes of common schools," where they occur in appellees' complaint, can only be regarded as mere *descriptio personæ*, and as constituting, in fact, no part of appellant's name. The appellees should have sued "Jackson School Township, of Huntington County;" for it is clear, we think, that that is the corporation, if any, which purchased the sets

of Monteith's School Maps, mentioned in the written obligation, which is sued on in this action. If the action had been brought against the latter corporation, we might possibly have held, that the contract sued on, although apparently executed in the name of the civil township, was, in fact, the contract of the school township, for the reason that the contract, upon its face, was a promise to pay for certain property which the. school corporation, only, had the right to purchase. In the case of *Carmichael* v. *Lawrence*, 47 Ind. 554, it was decided by this court, that civil townships were not authorized by law to contract for the building of school-houses; nor are they authorized by law to purchase school furniture, books or maps.

The appellant in this cause is the civil corporation. *Sims* v. *McClure*, 52 Ind. 267; *McLaughlin* v. *Shelby Township*, 52 Ind. 114; and see, also, the different statutes on this subject, referred to in the latter case.

If we should hold, in this case, that the contract sued on, because it was executed in the name of the civil township, was therefore the contract of the civil township; then we would be forced to the conclusion that the contract was absolutely void, for the reason, as we have already said, that civil townships are not lawfully authorized to purchase school maps. *Carmichael* v. *Lawrence*, *supra*. But as this action was brought against the civil corporation, to recover a debt due and owing, if from any one, from the school corporation, manifestly, the appellees' complaint did not state facts sufficient to constitute a cause of action against the appellant, and therefore the court below erred, in overruling appellant's demurrer to appellees' complaint.

If the record of this action is perfect and complete, and we must presume it is, appellant's motion for a new trial ought to have been sustained, because the endorsement of said written obligation was not given in evidence

on the trial, as is manifest from the bill of exceptions, set out in the record.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to the court below to sustain appellant's demurrer to appellees' complaint, and for further proceedings.