The Town of Noblesville *v.* McFarland.

---

## The Town of Noblesville *v.* McFarland.

Towns.—*School Corporation.*—*Pleading.*—The character in which an incorporated town may sue or be sued as a school corporation may be designated, either in the title of the action, as a school corporation, or in the complaint by an allegation of that fact.

From the Hamilton Circuit Court.

*D. Moss* and *T. J. Kane,* for appellant.

*W. Garver*, for appellee.

PERKINS, J.—Suit by Julia A. McFarland against The Town of Noblesville, upon the following complaint:

" The plaintiff complains of the defendant, and says, that said defendant is a school corporation, duly organized under and pursuant to the laws of the State of Indiana, by the corporate name of The Town of Noblesville. And she further says, that, on the 22d day of December, 1871, at said town of Noblesville, she was employed by Leonard Wild, Eb. M. Morrison and John Stevenson, who were then and there acting as, and who then and there composed, the board of school trustees for said corporation. Which said employment, she avers, was then and there made with her by one James Baldwin, who then and there was the superintendent of the public schools of said corporation, and who then and there was acting as, and was, the agent of said corporation, for the purpose of employing this plaintiff. And the plaintiff avers, that by said Baldwin, the agent of said trustees as aforesaid, she was employed to teach in one of the grades of the school of said town, known as the high school of said town, for the sum of three dollars and twenty-five cents per day ; that her agreement and contract with said James Baldwin, as agent of said board of school trustees, was to teach said school from date last aforesaid, to wit, the 22d day of December, 1871, until the end of the school year in which they were then engaged, which, as she was informed by said Baldwin, would end, and which, in fact, did end, on the 27th day of June, 1872; and that the employment of the plaintiff by said Baldwin was, at the time, ratified and confirmed by said board of trustees.

" And the plaintiff avers, that, at the time she was employed by the said board of school trustees of said town as aforesaid, she was, by profession and occupation, a school-teacher, and had, at the time, the necessary license and certificate from the examiner of said Hamilton county, Indiana; that, in pursuance of said agreement

The Town of Noblesville v. McFarland.

and contract so made with said board of school trustees as aforesaid, she immediately entered upon her duties as teacher in said high school, in which position she continued until the 25th day of March, 1872, when she was informed by said board of trustees that her services were not longer wanted in said high school, and that she would not be permitted to teach in said school any further. And she avers, that said board of trustees brought against her no charge or accusation of any failure or wrong upon her part, but, without any cause whatever, unlawfully violated said contract and agreement, as aforesaid.

"And she further avers, that the date upon which she was dismissed from said school, as aforesaid, was at a season of the year when she could not obtain employment in her said profession elsewhere, and that she was compelled to, and did, lose from her said business all of the time from the date of her discharge as aforesaid, until the end of said school year, as aforesaid; and that, notwithstanding the foregoing contract of said board of trustees in dismissing her, as aforesaid, she continued to hold herself in readiness to teach, as directed by the board of school trustees, so far as they were in consonance with the terms of her said contract, and was ever in such readiness until the expiration of the school year for which she was employed; that she has received for her services the sum of one hundred and fifty dollars, leaving due and unpaid the sum of two hundred dollars, with the interest thereon since the close of said term as aforesaid, which sum she has demanded of the defendant, and which sum defendant refuses to pay."

Demurrer to the complaint, for want of sufficient facts, overruled, and exception taken.

Answer. Reply. Trial by jury; verdict for plaintiff. Motion for a new trial overruled; exception, and judgment on the verdict.

The errors assigned in this court, upon appeal, are:

1st. The court erred in overruling appellant's demurrer to the complaint; and,

2d. The court erred in overruling appellant's motion for a new trial.

We think the complaint is good. It shows very clearly, by its allegations and averments, that "The Town of Noblesville" is sued in its character of a school corporation. "The Town of Noblesville" is the name of the civil corporation, and the statute declares that every such incorporated town shall be a "municipal corporation for school purposes, by the name and style of the civil * * town, * * * and by such name may contract and be contracted with," etc. Sec. 4, 1 R. S. 1876, p. 780. But it is necessary in contracting, and in suing and being sued, that the character in which it is acting and being acted upon should be shown. The above section of the statute, it may be observed, is the one governing this case. *McLaughlin* v. *Shelby Township*, 52 Ind. 114.

There are, we think, two modes in which this character, as above mentioned, may be shown: 1. By designating the character, by prefixing an adjective to the name, as "The School Town of Noblesville;" 2. By averments in the complaint, such as are made in this, that it contracted, and is suing or being sued, in its character of a school corporation, by its corporate name. In such case, the judgment and its execution would follow the averments in the complaint and be governed thereby.

The cases in our reports authorize the inference that either of the modes we have suggested will suffice. In addition to the one cited above, see *Jackson Township* v. *Barnes*, 55 Ind. 136; *The City of Huntington* v. *Day*, 55 Ind. 7.

The case is very like that of *The City of Crawfordsville* v. *Hays*, 42 Ind. 200.

Appellants, in their brief, have not pointed out specifically a single objection to the rulings of the court below.

The judgment is affirmed, with five per cent. damages and costs, as due against the school town, and to be collected from its funds.