WRIGHT, TRUSTEE, *v.* STOCKMAN ET AL.

59    65
131    593

PARTIES.—*School Township.*—*School Town.*—*Demurrer.*—A civil township and the school township of the same territory are distinct corporations, and each must sue and be sued in its own proper corporate name, and neither can sue in the name of the other, or in that of the township trustee. So, also, a civil town and the school town are distinct corporations, which must sue and be sued each in its own corporate name. Therefore, a complaint in an action by a township trustee, against a civil town, showing only a controversy in regard to the ownership of certain taxes assessed and collected for school purposes (in which neither party could have any interest), was bad on demurrer.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing*, for appellant.

*J. D. Miller* and *F. E. Gavin*, for appellees.

HOWK, J.—In this action the appellant was the plaintiff, and the appellees were the defendants, in the court below.

The appellees "jointly and severally" demurred to the appellant's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court below, and to this decision the appellant excepted. And the appellant refusing to plead further, judgment was rendered by the court below on the demurrer, in favor of the appellees and against the appellant, from which judgment this appeal is now here prosecuted.

The decision of the court below, in sustaining the appellees' demurrer to his complaint, is the only error assigned by the appellant in this court; and this error presents for our consideration the sufficiency of the facts stated in the complaint to constitute a cause of action. As necessary to the proper presentation of this question, we will set out a copy of the appellant's complaint, as follows:

VOL. LIX.—5

" The State of Indiana, Decatur County, Sct.

" Richard Wright, Trustee of Clay ⎫  In the Decatur
   Township,                    ⎪    Circuit Court.
           *vs.*                 ⎬ Injunction.

" Henry C. Stockman, and the Town ⎪
   of Milford, a School Corporation. ⎭

" Richard Wright, the plaintiff, complains of said defendants, and says, that he is a resident citizen and tax-payer of Clay township, Decatur county, Indiana, and trustee of said township; that, as such tax-payer, he claims the right, and, as such trustee, he claims that it is his duty, to prosecute this action; he further avers, that the town of Milford claims to be an incorporated town, in his township, and as such, by law, a separate school corporation; that, at the time of the incorporation of said town, they did not file any plat, map or survey of said town, as required by law; that Henry C. Stockman is treasurer of Decatur county, Indiana; that the following named persons are citizens and *bona fide* residents of said town of Milford, and were such for a long time before the last enumeration of children of said town for school purposes; that all of said persons have a large amount of property, real and personal, situated without the corporate limits of said town, and within the township of Clay, viz.: William Anderson, James O'Laughlin, Jacob L. Inman, Albert C. Russell, James Braden, Joseph Rothschild and Ferdinand Rothschild, partners, taxed as J. & F. Rothschild, Jesse Stafford and John B. Trimble; that the plaintiff files herewith a schedule, containing the names of such parties and showing the amount of property owned by each and situated out of the said town (Ex. ' A.'); that the following named persons live without said town, and within said township, and have no children entitled to school privileges, nor none between the ages of five years and twenty-one years, viz.: Edmund Marshall, Wm. H. Powner and Elizabeth Boyer; that each of said last named persons has a large amount of real and personal property without said town and

within said township, a schedule of which is filed herewith, showing the name of each and the tax due from each (Ex. ' B.'); that said persons were wrongfully transferred, without their consent; that said town of Milford, by its proper officer, made an enumeration of the children of said town for school purposes, as provided by law, including such as were transferred from the township, as provided by law, and said corporation of Milford, in order to wrong said township, falsely and wrongfully made it to appear that all the aforesaid persons had been transferred to said town for school purposes, which was wrongfully done for the purpose of giving said town the benefit of the school taxes levied and assessed against said persons and their property; that said tax-payers wrongfully neglected and refused to have such enumeration corrected and did not appeal therefrom to the county superintendent, and the plaintiff was not a party to such enumeration, and had no right or power to appeal therefrom; that he called upon the auditor of said county and besought him to correct said false enumeration and make his tax duplicate according to the legal rights of the parties, and said auditor refused to do so; that said persons have been assessed and have paid on their property a large amount of tax, to wit, one hundred and fifty dollars ($150), which tax properly belongs to the township of Clay, and not to Milford; that the auditor of said county made and prepared a tax duplicate for said town, by which it was made to appear that said persons owed taxes to said town on said property, which duplicate was made in due conformity to the enumeration made by said corporation; that the auditor of said county duly delivered said duplicate to said treasurer, Stockman, who, by virtue thereof, has collected said tax, and now refuses to pay the same to Clay township, but threatens to pay the same to the Milford corporation. Wherefore the plaintiff asks that said Stockman be restrained and enjoined from paying said money, or any part thereof, to said

town, and that said injunction be made mandatory against said town in this, to wit: that they be required and directed to correct their enumeration, so as to show that said persons are not transferred parties for school purposes, and for all other proper relief."

It seems very clear to us, that this action can not be maintained. We infer, from the averments of the complaint, that a controversy has existed between "Clay School Township," a corporation of that name, of Decatur county, Indiana, and the "School Town of Milford," a corporation of that name, of the same county, in regard to the ownership of certain taxes assessed and collected for school purposes. With this controversy, however, it is manifest that neither the civil township of Clay nor the civil town of Milford, which are separate and distinct corporations, territorially the same as, but clothed by law with powers, rights and franchises entirely different from those of, the said school corporations, have or can have any possible connection. This action is brought by and in the name of the trustee of Clay township, Richard Wright. If the subject-matter of the action was one in which the civil township had, or could have, any possible interest, still the trustee of said township could not maintain the action in his own name, as trustee. The civil township is a "body politic and corporate," and, by its corporate name, must "sue and be sued." 1 R. S. 1876, p. 900, sec. 4. If the taxes described in the appellant's complaint had belonged to the civil township, the suit should have been brought in the corporate name of that township, but not in the name of its trustee. It is clear, however, from the statements in the complaint, that the alleged cause of action, if any existed, was one in favor of the "School Township of Clay," and not in favor of the civil township. The "School Township of Clay" is also, by law, a "body politic and corporate," and, by its corporate name, must "sue and be sued." 1 R. S. 1876, p. 780, sec. 4. As between the civil township and the

school township, the latter alone had or could have any interest whatever in taxes assessed and collected on persons or property within its territorial limits, for school purposes. Manifestly, therefore, this action was improperly brought in the name of the trustee of the civil township, and would have been improperly brought, if it had been brought in the corporate name of the civil township; for it is apparent on the face of the complaint, that the " School Township of Clay " alone, as between it and the civil township, had or could have any possible interest in the subject-matter of this action. *Carmichael* v. *Lawrence,* 47 Ind. 554; *McLaughlin* v. *Shelby Township,* 52 Ind. 114; *Sims* v. *McClure,* 52 Ind. 267; *The City of Huntington* v. *Day,* 55 Ind. 7; and *Jackson Township* v. *Barnes,* 55 Ind. 136.

For the same reasons, it is evident also, on the face of the complaint, that the town of Milford is not a proper party defendant in this action. Whatever claim to, or interest in, the taxes mentioned in appellant's complaint, the " School Town of Milford " might possibly have, it is very certain, we think, that the civil town, the defendant in this action, did not, and could not, have any possible claim to, or interest in, such taxes. It seems to us, therefore, that it would be a waste of time for us to attempt to settle the claims of the two school corporations to the taxes in controversy, when neither of said corporations is a party to this action, and neither would be bound by our decision.

In our opinion, the court below did not err in sustaining the appellees, demurrer to the appellant's complaint.

The judgment is affirmed, at the costs of the appellant.