UTICA TOWNSHIP, CLARKE COUNTY, v. MILLER ET AL.

TOWNSHIP.—*Action Against Civil, on Contract of School, Township.*—An action can not be maintained against the civil township, on a contract made on behalf of the school township.

SAME.—*Name.*—An action against a township in its ordinary corporate name, without qualifying such name by the use of the word "school," is an action against the civil township.

SAME.—*Statute Construed.*—Section 4 of the act of March 6th, 1865, 1 R. S. 1876, p. 780, in relation to common schools, does not authorize a school township to sue or be sued in the corporate name of the civil township.

SAME.—*Complaint.—Amendment.—Supreme Court.—Parties.*—Where, in an action against a township in its name as a civil corporation, the complaint discloses a cause of action against the school township only, it is insufficient on demurrer, and, on appeal to the Supreme Court, can not be deemed as having been so amended below as to designate the proper defendant.

From the Clarke Circuit Court.

Utica Township, Clarke County, *v.* Miller *et al.*

*C. P. Ferguson, J. K. Marsh, J. T. Dye* and *A. C. Harris,* for appellant.

*J. H. Stotsenburg,* for appellees.

WORDEN, J.—This was an action by the appellees against the appellant.

The complaint contained two paragraphs.

Demurrers were filed to each, for want of sufficient facts, and overruled. Judgment for the plaintiffs.

Error is assigned upon the rulings on the demurrers.

The first paragraph alleged, that, in the year 1873, Seth Daily was the trustee of said township, and by virtue of his said office was also school trustee for the township, and as such was authorized and directed to perform the duties of clerk and treasurer for school purposes of the township. The paragraph then proceeded to allege that for the purpose of erecting, and paying for the erection of, a school-house, in the township, the said Daily, as such school trustee, borrowed from one David S. Koons the sum of one thousand six hundred dollars, for which he executed to Koons certain written evidences of indebtedness, which are set out, and which remain due and unpaid, and that Koons assigned the evidences of indebtedness to the plaintiffs.

The second paragraph was, in substance, like the first, and counted upon the same evidences of indebtedness.

It will be seen that the civil and not the school township was sued, and the judgment was against the civil township, while the complaint alleged a cause of action which could be good only as against the school township.

A complaint, to be good, should allege a good cause of action against the person or corporation sued; and of course it will not be sufficient to allege a good cause of action against some other person or corporation.

We suppose, that in some instances a little confusion of ideas may have arisen from the fact that two corporations,

the township and the school township, exist within the same territory, the trustee of the one being the trustee of the other. The school trustees of an incorporated city are elected by the common council thereof, and those of an incorporated town by the board of trustees thereof. 3 Ind. Stat. p. 442, sec. 5. The two corporations, however, the township and the school township, the city and school city, or town and school town, are as distinct and separate legal entities as if they existed in different territory, and had an entirely different set of officers. When a town or city is sued in its character as a civil or ordinary municipal organization for general purposes, the process is served on different persons than when sued in its character as a school corporation. *The City of Huntington* v. *Day*, 55 Ind. 7. The statutes which in terms create the two distinct classes of corporations need not be here cited. They are set out in the case of *McLaughlin* v. *Shelby Township*, 52 Ind. 114.

There being two distinct corporations, each having its own rights and being subject to its own liabilities, it follows that an action will not lie against the one for the debts or liabilities of the other. And, on legal principles, this would seem to be the case as clearly as if the two corporations existed in different territory, and were supplied with entirely different officers. The two corporations are as distinct legal personages as if they had no connection in any way with each other. Accordingly, it has been held in quite a number of cases, that where one of the corporations, as a township, sues or is sued upon a cause of action in favor of or against the other, as the school township, the complaint does not state facts sufficient to constitute a cause of action. We need not cite all the cases upon this point, as the following probably refer to all the preceding ones : *McLaughlin* v. *Shelby Township, supra; Sims* v. *McClure,* 52 Ind. 267 ; *The City of Huntington* v. *Day, supra;*

*Jackson Township* v. *Barnes,* 55 Ind. 136 ; *Wright* v. *Stockman,* 59 Ind. 65.

It is, however, earnestly contended by counsel for the appellees, that, though there may be two corporations within the same territory, one organized for civil and one for school purposes, the name of the two corporations is the same, viz., the name of the civil organization as Utica Township, City of Indianapolis, Town of Noblesville, without any qualifying word signifying the school township, city or town.

The 1st section of an act incorporating school townships, etc., 1 G. & H. 570, set out in the opinion in the case of *McLaughlin* v. *Shelby Township, supra,* makes the corporate name of the township " —— School Township," as Utica School Township of Clarke county.

But it is contended that so much of the above section as applies to the name of the school corporation is repealed by the 4th section of the act to provide for a general system of common schools, approved March 6th, 1865, 1 R. S. 1876, p. 780, which is also quoted, in the above mentioned opinion, from 3 Ind. Stat.

We here transcribe that section again :

" Sec. 4. Each civil township and each incorporated town or city in the several counties of the State is hereby declared a distinct municipal corporation for school purposes, by the name and style of the civil township, town or city corporation, respectively, and by such name may contract and be contracted with, sue and be sued in any court having competent jurisdiction, and the trustees of such township and the trustees provided for in the next section of this act, shall, for their township, town or city, be school trustees, and perform the duties of clerk and treasurer for school purposes."

The former act did not embrace towns and cities, and, as was intimated in the case of *McLaughlin* v. *Shelby Town-*

*ship*, the leading purpose of section 4, above quoted, was to extend the act making townships school corporations so as to embrace towns and cities. It was also said in that case : " We see nothing in this act that changes the name of the school townships as provided for in the act previously noticed. The two statutes are consistent with each other and may stand together." See, also, on this point, the cases hereinbefore cited.

We adhere to the conclusion heretofore arrived at upon this point. We will not impute to the Legislature an intent to give to the two corporations, existing in the same territory, and having in some cases the same officers, precisely the same name, if the act admits of any other reasonable construction.

The confusion and uncertainty that would arise from such construction is to be avoided, if it can be done without doing violence to the language employed by the Legislature. If the two corporations bear the same name, how shall it be determined, when one of them is sued, which one of them is the defendant ? Perhaps this might be conjectured from the facts alleged in the complaint; but this, it seems to us, ought not, if it can be avoided, to be left to conjecture. We are not willing to hold that the facts alleged in the complaint as the cause of action may be made the criterion by which to determine which one of the corporations is the defendant.

In our opinion, the 4th section of the statute above set out, taken in connection with the previous law giving the name of school townships to the school corporations, and in connection with a subsequent provision of the same act, means simply that the township, town and city corporations for school purposes shall bear the name of the civil corporations, with the epithet " school " prefixed, to distinguish them from the civil corporations.

In the 144th section of the same act, the Legislature have

expressly designated the school corporations as " school township, town or city." By that section it is provided, that "Process in such suits against a school township, town or city, shall be by summons executed by leaving a copy thereof with the trustee of such township, town or city, ten days before the return day thereof; and in case of an appeal, similar notice of the time of hearing thereof shall be given." Acts 1865, Reg. Sess., pp. 3, 32.

Here is not only an explicit recognition, by the Legislature, of the name of school corporations as *school* townships, towns and cities, but a mode of bringing them into court is provided for, different, at least so far as towns and cities are concerned, from that in relation to the civil organizations; and in relation to the school townships, towns and cities, a notice of the time of the hearing of a case on appeal is required, which is not required in the case of the civil organizations.

We are satisfied upon a review of the questions, that the school corporations of the several townships, towns and cities of the State are distinct and separate from the civil corporations, and that the name of the former is the same as the latter with the word " school " prefixed, to distinguish them from the latter; and that, in accordance with several rulings of this court, hereinbefore referred to, when, as in this case, the civil corporation is sued, the facts alleged showing only a cause of action against the school corporation, the complaint does not state facts sufficient to constitute a cause of action.

In the case of *The Town of Noblesville* v. *McFarland*, 57 Ind. 335, this court said, in speaking of the character of the town of Noblesville as a school corporation: "There are, we think, two modes in which this character, as above mentioned, may be shown: 1. By designating the character, by prefixing an adjective to the name, as 'The School Town of Noblesville;' 2. By averments in the

complaint, such as are made in this, that it contracted, and is suing or being sued, in its character of a school corporation, by its corporate name. In such case, the judgment and its execution would follow the averments in the complaint and be governed thereby."

But the above case was decided on the theory that the names of the two corporations, the school and the civil, were identical. In this respect we think we fell into an error; and in so far as that case is in conflict with the present, it must be overruled.

It is claimed that the complaint ought to be deemed as amended by inserting the word " school " before the name of the defendant, inasmuch as the body thereof shows that it was the school township which the plaintiffs were seeking to hold liable. But we do not think a complaint not stating facts sufficient to constitute a cause of action can be deemed so amended in this court as to make it good. *Sinker, Davis & Co.* v. *Fletcher*, 61 Ind. 276. The amendment which we are asked to consider as made is one which involves an entire change of the party defendant. We are not aware of any authority for considering such an amendment as made.

The judgment below is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.

NOTE.—HOWK, C. J., having been of counsel in the cause, was absent when it was considered.