Hornby, Trustee, *v.* The State, *ex rel.* Conn *et al.*

---

HORNBY, TRUSTEE, *v.* THE STATE, EX REL. CONN ET AL.

PARTIES. — *Civil and School Townships.*—*Mandate.*—*Demurrer.*—Under the law of this State, the civil township and the school township are distinct municipal corporations, covering the same territory, but dissimilar in all other respects, except that the trustee of the civil township is *ex officio* the trustee of the school township. The civil township has not the power to build school-houses or to contract for the building thereof within the township ; and a complaint against the trustee of such township for a mandate. to compel him to build a school-house in a certain district therein, is bad on demurrer. Such a proceeding must be brought, if at all. against the trustee of the school township.

From the Vanderburgh Superior Court.

*S. R. Hornbrook* and *W. H. Gudgel*, for appellant.
*W. F. Smith*, for appellees.

Hornby, Trustee, *v.* The State, *ex rel.* Conn *et al.*

Howk, C. J.—In this case the appellee's relators, "for themselves and on behalf of the patrons of school district No. 7, in Center township," in Vanderburgh county, Indiana, sued for a peremptory mandate to compel the appellant, George W. Hornby, the trustee of said township, to proceed to the erection of a certain school-house in said school district No. 7. It does not appear from the record that any alternative mandate was issued in the cause, but the appellant appeared therein and demurred for the want of sufficient facts to the relators' verified complaint, which demurrer was overruled by the court, and to this ruling the appellant accepted. He then answered in two paragraphs, of which the first was a general denial, and the second was a special defence. To the second paragraph of answer the appellees replied by a general denial.

The issues joined were tried by the court, and a finding was made for the appellee's relators. The appellant's motions for a new trial and in arrest of judgment, in the order named, having each been overruled and his exception entered to each of these decisions, the court rendered judgment on its finding for a peremptory mandate, as prayed for in the relators' verified complaint.

The following decisions of the court below have been assigned as errors by the appellant, in this court:

1. The overruling of his demurrer to the relators' complaint;

2. The overruling of his motion for a new trial;

3. The overruling of his motion in arrest of judgment; and,

4. In rendering judgment for a mandate against him, whereas the judgment should have been in his favor, and for the dismissal of the relators' complaint.

The first and third of these alleged errors present for decision the question of the sufficiency of the facts stated in the relators' verified complaint to entitle them to the relief

prayed for therein.   We hardly think that it is necessary for us to give any extended summary of the allegations of fact in the relators' verified complaint in this opinion, for the title of the cause and the prayer of the complaint for relief are sufficient to show that the appellee's relators did not state a cause of action against the appellant.   It will be observed, from the title of the case and from what we have already said in regard to it, that the relators brought this suit against the appellant, the trustee of the civil, *not* the school, township, to compel him as the trustee of such civil township, to erect a certain school-house within its territorial limits.   In the case of *Carmichael* v. *Lawrence,* 47 Ind. 554, it was decided by this court that civil townships were not authorized by law, in this State, to contract for the building of school-houses.   If the civil township has not the power, as it certainly has not, under the law, to build school-houses or contract for the building thereof, within the township limits, it would seem to follow necessarily that the trustee of such township ought not to, and could not, be compelled by mandate or other legal process to build or to contract for the building of such school-houses within his township.   Under the statutes of this State, Center Township, the civil corporation, and "Center School Township," the school corporation, are distinct municipal corporations, covering precisely the same territory, but being utterly dissimilar in all other respects, except that the trustee of the civil township is *ex officio* the trustee of the school township.   Within that territory the powers, rights and franchises of the school corporation are supreme and exclusive over its school-houses and other school property, and its school revenues both for tuition and for special purposes.   In connection with these matters, neither the civil corporation nor its trustee, as such, has by law any duty to perform, nor, under the law, any power or authority to act, in the premises.

Yet all the allegations of the complaint relate to the appellant's conduct and actions as the trustee of the civil township, and to the financial condition of the civil corporation and its ability to build the school-house, which the relators sought by mandate to compel the appellant to build. If the facts stated in the verified complaint had been made applicable to the school corporation, and had been sufficient to show a cause of action against the appellant as the trustee of that corporation, a point which we need not decide, it is certain, we think, that the facts alleged, as they appear in the complaint, were not sufficient to constitute a cause of action against him as the trustee of the civil corporation, and therefore his demurrer thereto, for the want of sufficient facts, ought to have been sustained. This view of the question is fully sustained by a number of recent decisions of this court. *McLaughlin* v. *Shelby Township*, 52 Ind. 114; *Sims* v. *McClure*, 52 Ind. 267; *The City of Huntington* v. *Day*, 55 Ind. 7; *Jackson Township* v. *Barnes*, 55 Ind. 136; *Wright* v. *Stockman*, 59 Ind. 65; *Utica Township* v. *Miller*, 62 Ind. 230; *Jarvis* v. *Shelby Township*, 62 Ind. 257; and *Harrison Township* v. *McGregor*, 67 Ind. 380.

For the reasons given, we are of the opinion that the facts stated in the relators' complaint, in the case now before us, were not sufficient to constitute a cause of action in their favor against the appellant as the trustee of Center Township, the civil corporation; and he was not sued in this action as the trustee of Center School Township, the school corporation. The court erred, we think, in overruling the appellant's demurrer to the complaint, and his motion in arrest of judgment. Our conclusion in regard to the sufficiency of the complaint renders it unnecessary for us to consider or decide any of the questions arising under the other alleged errors.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the demurrer to the relators' complaint, and for further proceedings not inconsistent with this opinion.