State, *ex rel.* Baldwin, Attorney General, *v.* City of Terre Haute.

No. 10,195.

STATE, EX REL. BALDWIN, ATTORNEY GENERAL, *v.* CITY OF TERRE HAUTE.

CITIES.—*Power to buy Realty for School Purposes.*—*School Corporation.*—*Promissory Note.*—A city, organized under the general law for the incorporation of cities, has no power to buy, and give its promissory notes for, a county seminary, though for school purposes in the city. That power belongs to the school corporation of the city.

From the Superior Court of Vigo county.

*D. P. Baldwin,* Attorney General, and *R. B. Stimson,* for appellant.

*I. N. Pierce* and *W. E. Hendrich,* for appellee.

WOODS, C. J.—Error is assigned upon the decision of the court sustaining the demurrer for want of facts to the several paragraphs of the appellant's complaint. The differences between the paragraphs need not be stated. Each is upon a lost note which, it is alleged, was made by the appellee. The material averments are, that, under the act of June 12th, 1852, for the sale of county seminaries (1 R. S. 1852, p. 437), the county of Vigo, in 1853, sold to the city of Terre Haute the seminary lot of that county, and issued to the city a certificate of the sale; that the purchase was made for the use of the city schools; that, in 1867, in order to procure the location of the State normal school within its limits, the city proposed to donate the lot to the State; and, by the act of March 8th, 1867 (1 R. S. 1876, p. 823), provision was made for the erection of the necessary buildings on the lot, conditioned that no part of the appropriation should be drawn until the opinion of the attorney general should be filed, showing that the title to the land donated by the city had vested by a good and sufficient deed in fee simple; that, on the 22d day of March, 1867, after the passage of this act, the city executed to the county the notes in suit for the sum due upon the purchase-price of said lot, for the use of the common school fund, as required by the

fiftcenth section of the act first named, and thereupon the county executed to the city a deed of conveyance of the lot, and the city made its deed thereof to the State—the lot now being the site of the State normal school.

Counsel for the appellee insist that the city had no power to make the alleged purchase, nor to bind itself by promissory notes for the purchase-price; that the school corporation of the city, which is a distinct legal entity, alone had power to make the purchase, to give the notes and to levy the taxes necessary for their payment. This view seems to be in accord with the statutes, and with the decisions of this court. 1 R. S. 1852, p. 444, sec. 32; p. 211, sec. 35, clause 32; p. 215, sec. 56; 1 R. S. 1876, p. 782, sec. 10; *Nill* v. *Jenkinson,* 15 Ind. 425; *McLaughlin* v. *Shelby Township,* 52 Ind. 114; *Sims* v. *McClure,* 52 Ind. 267; *Jackson Township* v. *Barnes,* 55 Ind. 136; *Wright* v. *Stockman,* 59 Ind. 65; *Utica Township* v. *Miller,* 62 Ind. 230.

Judgment affirmed.