Johnson, C. J.
This plaintiff sought to hold the local directors personally liable for damages sustained in not allowing him to teach the public school under their control. The plaintiff is not seeking from the school district compensation for his services rendered, as in Case v. Wresler, 4 Ohio-St. 561 j nor to recover against the local school district in its quasi corporate capacity.
In Directors Sub-School District v. Burton, 26 Ohio St. 421, this court held there was no redress against the school directors in their official capacity, or against the district, for dismissing a teacher for insufficient cause. A teacher who is so dismissed is therefore left to his remedy at common law against the officers personally. That is the nature of the present action. It seeks to recover against two of the local directors, damages for dismissing plaintiff as a teacher. The court charged the jury that if they, or either of them, employed plaintiff to teach the school, and afterwards discharged him without sufficient cause, such defendant or defendants are liable personally at common law, notwithstanding he was not employed by them acting as school directors. It refused to charge that if defendants were acting in their official capacity, they cannot be held personally, unless it is shown they acted from a corrupt motive. Also refused to charge, that if the defendants acted in good faith in the honest discharge of what they believed to be their official duty, they are not personally liable.
The averments of the petition show that defendants are sued for acts done in their official capacity. No one, except duly authorized, has the right to employ or dismiss a teacher, or to give to or take from a teacher, possession of the schoolhouse in charge of such authorities.
Hence, the court erred in telling the jury that if the defendants, Small and Hoge, or 'either of them, employed plaintiff, they were personally liable at common law, if they after-wards discharged him without sufficient cause. If there was not a legal contract of employment, the teacher had no right to teach the public school, and the directors in their official capacity might dismiss him, and put a teacher duly employed in possession of the school-house.
*349 The common law right of action for dismissal is founded on a valid contract of employment. When an officer acts within the scope of his authority, he is not responsible personally, unless he acts from a corrupt motive. Stewart v. Southard, 17 Ohio, 402; Ramsey v. Riley, 13 Ohio, 137; Morrison v. McFarland, 51 Ind. 208.
If there was no valid employment, and there could be none except by official action when the salary was payable out of the public funds, the directors acting officially might refuse him possession of the school-house, or to recognize him as teacher. Indeed it was their duty to do so. If there was a valid contract of employment, followed by a subsequent dismissal, for sufficient cause, the plaintiff was without remedy even at common law; but if there was no sufficient cause for such dismissal, the directors are not personally liable when they acted in good faith, in what they'supposed was the honest discharge of official duty. They are,, personally liable, only when they act with-a corrupt intent.

Judgment affirmed.