No. 16,451.

## Wood, Auditor, v. The School Corporation of City of Tipton.

TAXATION.—*Special School Tax.*—*Board of School Trustees of City Has Power to Make Levy Independently of Commissioners.*—*Duty of Auditor to Make and Extend the Assessment.*—A board of school trustees, for the purpose of creating a special school revenue in accordance with section 4467, R. S. 1881, levied a special school tax of 40 cents on each $100 of taxable property in the city and 50 cents on each poll. The special levy was duly certified to the auditor of the county with the request that he make the proper assessment of the special school tax as levied by the board of trustees, and extend the same upon the tax duplicate; but the

auditor, under the direction of the board of commissioners, failed and refused to extend the assessment on the tax duplicate, and modified the levy made by the board of school trustees.

*Held,* that section 4467, R. S. 1881, authorizes a board of school trustees of a city to levy the tax independently of the board of commissioners, and when made it is the duty of the auditor to make the assessment, and extend the same on the tax duplicate.

From the Tipton Circuit Court.

*G. H. Gifford* and *J. M. Fippen,* for appellant.

*J. R. Parker,* for appellee.

OLDS, J.—On the 15th day of September, 1891, the board of school trustees of the city of Tipton, for the purpose of creating a special school revenue in accordance with section 4467, levied a special tax in said city for the year 1891 of 40 cents on each $100 of taxable property in said city, and 50 cents on each poll. After the said levy had been made, the secretary of said school board under his hand and the seal of the corporation duly certified said special tax levy to the appellant, the auditor of Tipton county, the county in which the city of Tipton is situated, with the request that said auditor make the proper assessment of said special school tax levied by said board of school trustees, and extend the same upon the tax duplicate. The auditor, under the direction of the board of commissioners of said county of Tipton failed and refused to extend said assessment on the tax duplicate as made by said board of school trustees, but on the contrary, acting under the advice, direction and control of said board of commissioners changed and modified the levy made by said school board to 30 cents on each $100 taxable property and 50 cents on each poll, and made the proper assessment at such modified rate and extended the same on the tax duplicate of said county for the year 1891. The appellee brought this proceeding to compel the appellant by mandate to make the assessment and extend the same on the tax duplicate in pursuance of the

assessment made by the board of school trustees. The complaint alleges the facts. A demurrer was filed to the same and overruled, and exceptions reserved. An answer was filed to the complaint alleging substantially the same facts, and a demurrer was sustained to it.

By the record the question is presented as to whether or not the board of school trustees of a city has the exclusive right to make such levies for school purposes or whether the board of commissioners of the county has the right to change and modify the levy made by the school board and in fact control the amount of the levy. Section 4467 provides that " The trustees of the several townships, towns, and cities shall have the power to levy a special tax, in their respective townships, towns, or cities, for the construction, renting, or repairing of school houses, for providing furniture, school apparatus, and fuel therefor, and for the payment of other necessary expenses of the school, except tuition ; but no tax shall exceed the sum of fifty cents on each one hundred dollars' worth of taxable property and one dollar on each poll, in any one year," etc.

Section 4468 makes it the duty of the county auditor to make the proper assessment of special school tax levied by the trustee and extend the same on the tax duplicate.

The language of section 4467, *supra*, is such as to leave but little doubt as to the right of the board of trustees to make the levy independently of the board of commissioners, and the assessment is to be made and the tax extended by the county auditor. The board of commissioners are not required to take any action concerning such tax, and are not charged with any duty relating to the levy or assessment of it.

It is contended on behalf of the appellant that section 5995, R. S. 1881, is applicable to such levies, and that it must be made in connection with the board of commissioners and with its advice and concurrence, and in case

of a failure to concur the board of commissioners shall make such levy, and that the opinion in the case of *Middleton* v. *Greeson*, 106 Ind. 18, supports their contention, but we can not give our assent to this theory. It is held in that case that the words "township trustees," as used in sections 6006 and 6007 relating to the contracting of debts, included trustees of school townships, as well as trustees of civil townships; in other words, that the provisions of the sections 6006 and 6007 governed whether the trustee of the school township who was the same person as the trustee of the civil township was acting in the capacity of trustee of the civil or the school township, but there is no provision of the statute requiring the board of trustees of a city to act in conjunction with the board of commissioners in the levying of a special tax, as provided in section 4467, *supra*, nor is there any provision requiring them to meet or act together for any purpose connected with such levy.

The view we take of section 4467 is that it authorizes the board of school trustees of a city to levy the tax independently of the board of commissioners, and that the latter has no control over the levying of such special tax, and that when levied by the board of school trustees, it is the duty of the county auditor to make the assessment and extend the same on the tax duplicate.

This view is in accordance with the opinions given by the State Superintendents of Public Instruction Hopkins and Smart, and in harmony with the opinion of this court in the case of *Carmichael* v. *Lawrence*, 47 Ind. 554. See Thornton Indiana Municipal Law, section 4467, and note containing extracts from the opinions of Superintendents Hopkins and Smart.

There is no error in the record.

Judgment affirmed with costs.

Filed Sept. 17, 1892.