DAVIS ET AL. *v.* FEARIS ET AL., EX'RS.

FRAUD.—*Pleading.*—*Representation Contradicting Written Agreement.*—The purchaser of a certain undivided portion of a stock of goods, at the time of the sale, executed to the seller a bond to indemnify him against the payment of a like portion of his debts and liabilities.

*Held,* in an action on said bond, on demurrer to an answer which admitted its execution, that the defendant could not therein rely upon a representation as fraudulent alleged to have been made by the seller to the buyer, at the time of the transaction, to the effect that there were no such debts and liabilities.

From the Fayette Circuit Court.

*W. Morrow* and *N. Trusler,* for appellants.

*J. C. McIntosh,* for appellees.

DOWNEY, J.—This was an action by the appellees as executors of the last will and testament of James Huston, deceased, against the appellants, on an obligation in the form of a bond of indemnity executed by the appellants to said deceased. The bond is in the penalty of three thousand dollars, and is dated August 5th, 1865. The condition recites that the deceased had sold and transferred to Jeptha Steele, Robert Marks and John S. Reid three-fourths of a stock of goods, groceries, merchandise, notes, book accounts, and fixtures, owned and held by him in the firm name of Huston & Co., in the town of Connersville, etc., in consideration, among other things, that he, the deceased, should be saved entirely harmless from all liabilities and indebtedness of the firm of Huston & Co., of every kind whatever, and concludes as follows:

"Now, if the above bounden parties shall save the said James Huston entirely harmless from three-fourths of each and all of the debts and liabilities of said firm of Huston & Co., and shall, within six months, pay or cause to be paid said debts and liabilities, then these presents shall be void, else to be and remain in full force and virtue."

It is averred in the complaint, that said James Huston was the only member of the firm of James Huston & Co.,

and, as a breach of the condition of the bond, that the defendants did not save said deceased harmless from the payment of the three-fourths of said debts of said firm, nor within six months from the date of said writing, nor at any time, pay the three-fourths of said debts; but the deceased was compelled to pay, on the 1st day of September, 1865, and did pay of said debts a debt, due by said firm to Moffitt & Blair, of four hundred and eighty-five dollars and seventy-seven cents; and, on the 2d day of September, 1865, he was compelled to pay and did pay a debt, due by said firm to Maddox Bros., of one hundred and fifty-five dollars and ninety cents, no part of which sums were paid by defendants to said deceased in his lifetime, or to the plaintiffs since his death. Wherefore, etc.   The defendant Davis made default.

The complaint was held good on demurrer thereto.   The defendants Steele, Marks and Reid answered in four paragraphs, the first and fourth of which were held bad on demurrer thereto for want of sufficient facts.

Reply in denial of the second and third paragraphs.   The trial was by the court, without a jury.   There was a finding for the plaintiffs, a motion for a new trial made by the defendants overruled, and judgment on the finding.

Errors are assigned calling in question the action of the court in overruling the demurrer to the complaint, and sustaining that to the first and fourth paragraphs of the answer, and in refusing to grant a new trial.   The complaint is clearly sufficient.

In the first paragraph of the answer, the defendants pleading the same admit the execution of the bond, but say that the same was procured by the fraud of said deceased, as follows:   The said deceased and William Huston, who was a silent partner of the deceased, on the 5th day of August, 1865, being the sole owners of a stock of goods, etc., in, etc., held by him under the name of Huston & Co., of the value of two thousand seven hundred dollars, sold to the defendants Steele, Marks and Reid the undivided three-fourths

thereof, and said James Huston and these defendants, together with said William Huston, as a silent partner of said James, became partners in trade, under the name and style of "The Connersville Provision Store;" that, to induce the defendants Steele, Marks and Reid to purchase an interest in said stock of goods and become partners as aforesaid, the said deceased falsely and fraudulently represented to the defendants that there were no debts against or on account of said Huston & Co., or said Huston, on account of said business; and relying upon said representations, and having no knowledge or means of knowledge touching such indebtedness, they purchased said undivided three-fourths interest as aforesaid, and executed their notes for the full invoiced value thereof, and thereafter said business was carried on as partners as aforesaid. These defendants further aver that at the time of making the representations aforesaid, the said Huston was largely indebted, under the name and style of Huston & Co., to divers persons, amounting, in the aggregate, to three thousand dollars, of which the sums mentioned in said complaint as having been paid by said Huston form a part. Defendants further aver that after said partnership was formed the said Huston received out of the sales of goods of said firm a large amount of money, to wit, the sum of two thousand three hundred and fifty dollars, which he applied to the payment of the debts of said Huston & Co. aforesaid, or appropriated to his own use; that afterwards, to wit, on the 15th day of April, 1867, the said parties had an accounting together concerning the affairs of said partnership, when these defendants executed to said James Huston a note for four thousand five hundred dollars, embracing therein the notes given by these defendants for the original purchase-money of said undivided three-fourths interest, and also sums of money which the said Huston asserted he had paid out on account of said partnership; but they aver that the sums so paid by him were on account of his own indebtedness, and not on account of the indebtedness of said partnership; that, among other items of indebtedness embraced

in said note of four thousand five hundred dollars, were the items mentioned in the complaint herein; that at the time of said accounting, these defendants not being informed in regard thereto, objected to signing said four-thousand-five hundred-dollar note, and refused to execute the same, whereupon said Huston promised and agreed with said defendants that, if they would execute said note, any errors that might afterwards be found should be corrected, in consideration whereof defendants executed said note; that afterwards, it having been ascertained that said sums claimed by plaintiff in this suit were embraced in said note, said Huston credited the same thereon, and thereby fully settled the same; that in addition to the sums hereinbefore set forth, said Huston received other large amounts of money belonging to said firm, for which he never accounted to said firm, to wit, the sum of two thousand dollars. Wherefore the defendants say that they are not indebted on said bond, and they pray that there may be an accounting of said partnership matters; that said William N. Huston may be made a party to this suit; that said note for four thousand five hundred dollars may be ordered to be delivered up and cancelled, and for all other proper relief.

It is exceedingly difficult to say exactly what this paragraph of the answer means. We are of the opinion, however, that the demurrer to it was properly sustained. It does not clearly show that the bond was obtained by fraud, or without consideration, nor does it amount to an answer of payment. We are at a loss to see any merit in the answer, so far as it attempts to set up fraud. It is, to say the least, exceedingly improbable that it was represented by Huston that there were no debts of the firm of Huston & Co. If he made such representation, why was it deemed necessary that the appellants should execute a bond to him by which they agreed to pay three-fourths of the amount of such debts, and save him harmless from the payment thereof? How could they be defrauded by a representation that there were no debts of the firm of Huston & Co., when the bond which

they signed clearly admits the existence of such debts, and stipulates for the payment of three-fourths thereof by them?

The fourth paragraph of the answer is as follows:

"4. For further answer, these defendants say that the indebtedness of said Huston & Co., which said Huston fraudulently represented did not exist, amounted, at the time of the execution of said bond, to the sum of, to wit, three thousand dollars, of which the amount set forth in plaintiffs' complaint formed a part; that these defendants paid and saved the said Huston entirely harmless from the said three-fourths of the whole of said debts, before notice of said fraud; that the said Huston never accounted to or paid to defendants any portion of the sum so paid by them, nor have his executors done so since his death."

There was no error in sustaining the demurrer to this paragraph of the answer. It sets forth no fraud with certainty sufficient to amount to a defence.

There is no bill of exceptions in the transcript, and no question is presented for decision under the last mentioned error assigned.

The judgment is affirmed, with five per cent. damages and costs.