REID ET AL. *v.* HUSTON, ADM'R.

55　173
131　340

PLEADING.—*Partial Answer Pleaded to Whole Complaint.*—An answer which, in legal effect, goes to but a part of the complaint to which it is pleaded, is bad on demurrer for want of sufficient facts, when pleaded to the whole.

SAME.—*Former Adjudication.*—Where, to a complaint upon a promissory note, the defendant pleads, by way of counter-claim, that he has been defrauded and damaged by the plaintiff in the execution of a bond given in the course of the same business transaction in which the note in suit was executed, and such matter of counter-claim was set up in a suit upon such bond, it is *res adjudicata*, and can not be set up against such note.

SAME.—*Fraud.—Waiver.*—Fraud in the execution of a written instrument, alleged to have damaged the makers thereof, is waived by the giving of a promissory note, thereafter, in settlement of the same business transaction in which such bond was given, and in suit upon such note, five years after the execution of such bond, such fraud constitutes no defence.

From the Fayette Circuit Court.

*W. Morrow, N. Trusler, J. M. Wilson* and *A. M. Sinks,* for appellants.

*J. C. McIntosh,* for appellee.

BIDDLE, J.—Suit on a promissory note for four thousand five hundred dollars, made by John S. Reid, Robert Marks and Jeptha Stelle, payable twelve months after date, to James and William Huston, waiving, etc., and dated the 15th of April, 1867. The action was commenced by William Huston, surviving partner of the payees; but this appeal is prosecuted against the appellee, who is the administrator of his estate.

We need not state the proceedings which resulted in a judgment for the appellee upon the note.

Only two questions are presented in the record:

1st. Upon the third paragraph of the separate answer of Robert Marks, which alleges,

"That the note mentioned in said complaint was given by said defendants in said cause, for a three-fourth's interest in The Connersville Provision Store, and upon a partial

settlement of the business of said store [with?] the plaintiff, and his deceased partner, James Huston, being one-fourth owner of said store; and that, at and before the time of the execution of said note, this defendant had advanced to said plaintiff the sum of five hundred dollars, which should have been allowed, but was, by mistake, not settled or allowed, and that said note should have been for three thousand five hundred dollars, instead of four thousand five hundred dollars, wherefore," etc.

To this paragraph a demurrer, alleging as ground the want of facts, was very properly sustained. It is pleaded to the whole complaint, and answers only as to five hundred dollars. The appellants insist that it is pleaded only as to the five hundred dollars, and is, therefore, as to that amount, good. They are mistaken.

2d. What the appellants call an answer by Robert Marks and Jeptha Stelle, but which, if anything, is a counter-claim, was also met by a demurrer alleging a want of facts, which demurrer was also sustained. It sets out an indemnifying bond, executed by the makers of the note sued on and W. J. Davis, their co-obligor, reciting the purchase of the provision store by the makers of the note, from the Hustons, and the terms of the agreement, conditioned that they will save the Hustons harmless against paying three-fourths of the debts of the store, or any part of the same, which they had agreed to pay when they purchased the store from the Hustons.

We are saved from any elaborate examination of the question raised upon this counter-claim, by the decision of this court in the case of *Davis* v. *Fearis*, 52 Ind. 128. That was an action brought by the executors of James Huston, deceased, founded on the same bond, against the present appellants and their co-obligor, Davis, against which they alleged substantially the same facts—indeed, quite literally the same—as those alleged against the validity of the bond in the present case. The allegations against the bond were held insufficient then, and we must

hold them insufficient now; indeed, we regard the matters as *res adjudicata* between the parties.   To the reasons given, however, in the case cited, why that answer was insufficient, may be added, against this counter-claim, that the allegations of fraud in procuring the bond are contradicted by the bond itself, namely,—that the averment that Huston represented that the store owed no debts, when the bond was given to indemnify him against the debts of the store,—besides, the note was executed nearly two years after they had bought three-fourths of the store and given the bond, and more than five years before the fraud was attempted to be set up in the present action. In the case *supra*, these allegations were set up as an answer to a suit on the bond; in this case they are set up in a counter-claim, asking relief against the note.   They are insufficient in both cases.

The judgment is affirmed, with costs and two per cent. damages.