62  257
126  337

## JARVIS v. SHELBY TOWNSHIP, OF JEFFERSON COUNTY.

TOWNSHIP.—*Contract Concerning School Property.*—A civil township can enter into no valid contract concerning the property of the school township.

SAME.—*Construing Contract.*—*Parties.*—Such a contract might, in an action thereon by the school township, be construed as having been made by the plaintiff; but an action thereon by the civil township can not be maintained.

From the Jefferson Circuit Court.

*E. R. Wilson*, for appellant.

*C. A. Korbly*, for appellee.

WORDEN, J.—This was an action by Shelby Township, of Jefferson county, against the appellant, Joseph R. Jarvis, upon an agreement entered into between the parties in relation to the building of a school-house.

A demurrer to the complaint for want of sufficient facts was filed and overruled, and exception taken.

Such further proceedings were had as that judgment was rendered for the plaintiff. ·

The ruling on the demurrer, among other things, is assigned for error.

The civil township, which was the plaintiff in the action, had no power to enter into contracts for the erection of school-houses.

The contract in this case might be construed to be a contract between the defendant and the school township, though executed in the name of the civil township, as was held in the case of *Sheffield School Township* v. *Andress*, 56 Ind. 157. But still the school, and not the civil, township would have to sue upon it for its breach by Jarvis.

The demurrer to the complaint ·    want of sufficient facts was, therefore, well taken, and should have been sustained.

We have had, concurrently with this case, the questions arising herein under consideration in the case of *Utica Township* v. *Miller*, *ante*, p. 230, in which the questions are examined more fully, and reference may be had to that case and the authorities therein cited, for a full statement of the ground of the decision herein.

It may be observed that section 145 of the school act, 1 R. S. 1876, p. 810, provides, that " Suits brought on behalf of the school of any township, town or city, shall be

brought in the name of the State of Indiana, for the use ·of such township, town or city."

We need not decide what construction should be placed :upon this section, or whether it in any way modifies section 4 of the same act, 1 R. S. 1876, p. 780, which gives the school ·corporations the right to sue and be sued in their own names. If section 145 is to be deemed applicable to such .action as the present, still that does not help the plaintiff, :as the action was not brought in the name of the State, .for the use of the school township.

The judgment below is reversed, with costs, and the ·cause remanded for further proceedings in accordance with this opinion.