HARRISON TOWNSHIP, OF CLAY COUNTY, *v.* McGREGOR.

COMMON SCHOOLS.—*Civil Township not Liable for Teacher's Salary.*—*Contract.*—*Ultra Vires.*—A civil township is not liable on a contract by the township trustee, with a teacher of a common school, even though the contract be made in the name of the civil township.

From the Clay Circuit Court.

*A. Daggy* and *D. E. Williamson*, for appellant.

*W. W. Coffey*, *S. D. Coffey* and *S. M. McGregor*, for appellee.

HOWK, J.—In this case, the appellee sued the appellant, "Harrison Township," in a complaint of six paragraphs; in the first of which he alleged that the appellant was indebted to him in the sum of one thousand dollars, for work and labor done and performed by him, at the appellant's request, as shown by a bill of particulars, therewith filed, of which the following is a copy :

"HARRISON TOWNSHIP,

"To William W. McGregor,........ ...........Dr.

"1869 to 1873, to teaching school, 500 days

at $2..................... ........ ........ .............$1,000.00."

In each of the other five paragraphs of his complaint, the appellee sued the appellant on a written contract alleged to have been executed by and between the appellee and the appellant, by its agent, the school trustee ; whereby the appellee agreed to teach school for the appellant, for a certain number of weeks of five days each, at a certain price per day. With each of these five paragraphs, the copy of the contract sued on therein was filed and made part of such paragraph ; and in each of the said five paragraphs, the appellee alleged, in substance, that he had fully performed his part of the contract in suit therein, and had taught school thereunder for the appellant, for the number of weeks, of five days each, specified in such contract, and had made a report of the same according to law ; but that the

appellant had wholly failed to comply with its part of such contract, in this, that it had failed to pay him for said teaching, or for any part thereof; and that the sum due him from the appellant, under such contract, was wholly unpaid.

There were five of these written contracts, executed at different dates, by and in the name of the appellant, "Harrison Township," and signed, on the part of the appellant, by "Robert Dalton, Township Trustee."

To each of the six paragraphs of the appellee's complaint, the appellant demurred, for the want of sufficient facts therein to constitute a cause of action, which demurrer was overruled by the court as to each of said paragraphs, and to these decisions the appellant excepted.

Answers were then filed by the appellant, and replies thereto by the appellee, and the issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages at the sum of four hundred and eighty-five dollars.

The appellant's motion for a new trial having been overruled, and its exception saved to this ruling, the court rendered judgment upon the verdict, from which judgment this appeal is now prosecuted.

Among the errors assigned by the appellant, in this court, is the decision of the court below in overruling its demurrer to each of the six paragraphs of the appellee's complaint. This error is well assigned, as neither one of the six paragraphs of the complaint stated facts sufficient to constitute a cause of action against the appellant. It will be seen from the title of this cause, that it was commenced and prosecuted to judgment, in the circuit court, as a suit against the municipal corporation whose corporate and legal name is "Harrison Township, of Clay County," and, in this court, the same corporation, by the same corporate name, is the only appellant. From the

summary given in this opinion, of the substance of the several paragraphs of the complaint, it will also be seen that each of said paragraphs counts upon an alleged indebtedness, which the appellant had no power to contract. If, as alleged in the complaint, the written contracts in suit were executed by the appellant, then the contracts were *ultra vires*, and of no binding force. For, within the territorial limits of Harrison township, there exists by law another and " a distinct municipal corporation, for school purposes," differing from the appellant in name, and widely differing in the powers, rights and franchises wherewith it is clothed. Within those territorial limits, the municipal corporation whose corporate and legal name is " Harrison School Township," of Clay county, had and has exclusive power and control over the common schools therein, and the employment of teachers therefor. The defendant below and the appellant in this court, in the case at bar, is the civil corporation ; while the alleged indebtedness, sued for by the appellee, as shown by his complaint, is an indebtedness which the appellant was not authorized by law to contract or incur. The school corporation only, if either of the two corporations, was and is liable to the appellee for the alleged indebtedness, described in the several paragraphs of his complaint. As the appellee, in this action, has sued the civil corporation to recover a debt due and owing him, if from any one, from the school corporation, it is evident, we think, that the several paragraphs of his complaint have not, nor has either of them, stated any cause of action against the appellant, and therefore it follows that the court below erred in overruling the appellant's demurrer to the several paragraphs of said complaint. This is the law of this State, as enacted by the Legislature and settled by the decisions of this court. 1 G. & H. 570, sec. 1; 1 R. S. 1876, p. 780, sec. 4; *Carmichael* v. *Lawrence*, 47 Ind. 554; *Mc-*

*Laughlin* v. *Shelby Township*, 52 Ind. 114; *Sims* v. *McClure*, 52 Ind. 267; *The City of Huntington* v. *Day*, 55 Ind. 7; *Jackson Township* v. *Barnes*, 55 Ind. 136; *Wright* v. *Stockman*, 59 Ind. 65; *Utica Township* v. *Miller*, 62 Ind. 230; and *Jarvis* v. *Shelby Township*, 62 Ind. 257.

The conclusion we have reached, in regard to the insufficiency of the appellee's cause of action against the appellant, renders it unnecessary for us to consider or decide any question arising under the other alleged errors in this case.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to each and every paragraph of the appellee's complaint, and for further proceedings in accordance with this opinion.