Harmony School Township v. Moore.

No. 9167.

HARMONY SCHOOL TOWNSHIP v. MOORE.

SCHOOL LAW.—*Teacher.— Township Trustee.—Contract.—Complaint.*—In an action against a township to recover for services rendered as a teacher, it is not necessary to allege in the complaint that the trustee has sufficient funds belonging to the school revenue for tuition, with which to pay the claim.

SAME.—*Answer.*—An affirmative answer in such case, that a former trustee who had employed the plaintiff, had caused schools to be taught in the district for two months longer during two years than in the eight other districts in the township, and that the trustee had continued the schools in such district after he knew there were no funds with which to pay the expenses, is insufficient on demurrer.

SAME.—*Length of School Terms.*—The statute only requires the schools in the townships to be taught an equal length of time, as nearly as the same can be done.

SAME.— *Want of Funds no Defence.*—The fact, that a trustee has no funds with which to pay a teacher after he has taught a part of the time for which he was employed, is no excuse for refusing to allow him to complete his term, nor does it constitute any defence to his claim for services.

PLEADING.—*Partial Answer to Whole Complaint.*—An answer directed to the entire complaint, but only answering a part, is bad on demurrer.

From the Posey Circuit Court.

*M. W. Pearse,* for appellant.

*A. P. Hovey* and *G . V. Menzies,* for appellee.

BEST, C.—This action was brought by the appellee against the appellant to recover a balance due him as teacher of one of the schools of Harmony township, Posey county, Indiana.

It is averred in the complaint that the appellee was a licensed teacher of said county, and on the 7th day of May, 1879, he entered into a written contract, a copy of which is set out, with George W. Engler, the then trustee of Harmony School Township, to teach the school in New Harmony, in said township, for the period of thirty-two weeks, five days in each week, commencing on the 29th day of September thereafter, for which said trustee agreed to pay him $7.50 per day—in all, $1,200; that he taught said school for seven months, and

was ready and willing to teach it the remaining month, but that Frank D. Bolton, the then trustee, refused to allow him to teach it on the ground that there was no money with which to pay him, and for no other cause; that he otherwise fully complied with the terms of his contract, and that there is due and unpaid thereon the sum of $575, for which he demands judgment.

A demurrer for the want of facts was filed and overruled to the complaint.

The appellant then filed an answer, admitting the appellee's employment by Engler, the then trustee, and averring "that said Engler was elected in April, 1878, and held said office for the term of two years; that during said term he employed teachers for and had schools taught in the district comprising the town of New Harmony, for a longer period of two months during said two years than in the other districts in said township, at a cost of $760; and that the sum sued for by plaintiff is a part of said $760; and defendants say that said Engler continued said schools in said district, well knowing that there were no funds in his hands with which to pay the expenses of the same, so taught in excess of the time during which schools were taught in the other districts in said township; that said district, comprising the town of New Harmony, is one of the nine school districts in the township of Harmony;" that if appellant is compelled to pay the amount for which suit is brought, it will be to the injury of the other districts; that no funds came to Bolton, the then trustee, from Engler or from any other source, with which to pay the appellee, and if the claim is paid it must be paid from funds belonging to the school years of 1880 and 1881.

A demurrer for want of facts was sustained to the answer and an exception reserved. The appellant declining to further plead, a final judgment was rendered for the appellee for $575. From this judgment the appellant appeals, and assigns as error the order of the court in overruling the demurrer to the complaint, and in sustaining the demurrer to the answer.

The objection urged to the complaint is that it is not averred that the trustee, at the commencement of the suit, had sufficient funds belonging to the school revenue for tuition, with which to pay appellee's claim. No authority is cited in support of this position, and we know of none. It is generally sufficient to aver the facts which show the liability, without averring that the party has the means with which to discharge it, and we do not think that a different rule obtains in this case. Besides, a similar complaint was held good in the case of *The City of Crawfordsville* v. *Hays*, 42 Ind. 200. The complaint was sufficient and the demurrer properly overruled.

The appellant insists that the ruling upon the demurrer to the answer presents the question as to the power of trustees to make contracts anticipating the funds for tuition, and the further question of the power of trustees to take from the general tuition fund a large sum of money, for the purpose of continuing a school in one district for thirty or sixty days longer than schools are taught in other districts in the township. Upon an examination of the answer, we are of opinion that neither question is presented. The answer is in confession and avoidance. The complaint avers that the appellee performed the greater portion of the service agreed to be rendered, alleges an excuse for the non-performance of the residue, and avers that there is due and unpaid upon the contract $575. If so, he had received nothing for at least seventy-seven days of his time. Of this time he had taught fifty-seven days, and was ready and willing to teach the remaining twenty. This the answer admits, but attempts to avoid it by averring that the trustee " employed teachers and had schools taught " in the town of New Harmony, " for a longer period of two months during said two years than in the other districts of said township." If this means that the trustee had the term in question taught two months longer than schools were taught in other districts, and such fact should be deemed a defence as to the wages earned during such time, yet it constitutes no defence to the additional wages alleged to be due. We sup-

pose that a month, as used in the answer, means twenty days, as it does in the complaint; and, if so, the wages for at least seventeen days were due, aside from the two months excessive time and the month during which the appellee was prevented from teaching. The answer shows no defence to the recovery of these wages, and, as it was not limited, but was directed to the entire complaint, it was, for such reason, insufficient. *Reid* v. *Huston*, 55 Ind. 173; *Alvord* v. *Essner*, 45 Ind. 156.

The answer, however, did not aver the appellee taught the school two months longer than schools were taught in other districts in the township, but averred that the trustee "employed teachers and had schools taught" in New Harmony for two months longer, during two years, than schools were taught in other districts in said township. This averment implies that some other teacher or teachers taught a school or schools in New Harmony during the two years, and that during said time said schools were taught two months longer than schools were taught in other districts in the township. How much longer the appellee taught than schools in other districts were taught, is not averred. It may have been for a very short time. If so, it was in accordance with the statute which only requires the schools to "be taught an equal length of time, as nearly as the same can be done." Sec. 11,1 R. S. 1876, 783.

It is true that it is averred that the schools cost, during the excessive time they were taught, $760, and that the sum sued for is a part of said sum; yet this averment can not control the others, as it is manifest that the appellee's wages for two months, under the contract, could not amount to $575. It is, therefore, clear that this averment, construed in connection with the admitted facts, can only mean that a part of the sum sued for is a part of the $760. What part is not stated.

Again, it is not averred that the trustee employed the appellee, well knowing that there were no funds with which to pay him, but the averment is that he "continued said schools in said districts, well knowing that there were no funds in his hands with which to pay the expense of the same so taught

in excess of the time during which schools were taught in the other districts in said township." For aught that is averred he may have had sufficient funds when the contract was made. The fact that he had no funds at the time schools in the other districts ceased to be taught did not authorize the teacher's dismissal, nor was it any excuse for refusing to allow him to complete his term, nor does it furnish any defence to his claim for his services. For these reasons we think the answer was insufficient, and that the demurrer was properly sustained. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at appellant's costs.