Filed June 17, 1884.

---

### No. 11,330.

### HARRISON SCHOOL TOWNSHIP *v.* McGREGOR.

PLEADING.—*Complaint.—Demurrer.—Defective Record.*—Where the ruling of the court upon a demurrer to the complaint is assigned as error, and the record is defective in that the demurrer is not set out therein, the error is not available for the reversal of the judgment, for the reason that the cause of demurrer is not apparent.

SCHOOL TOWNSHIP.—*Corporation.—May Sue and be Sued.*—Under section 4437, R. S. 1881, each civil township, in any county in this State, is declared to be a school township, and, as such, to be a corporation by a certain name and style, "and, by such name, may contract and may be contracted with, sue and be sued, in any court having competent jurisdiction."

LACHES.— *Delay in Bringing Suit. — Limitation.— Written Contract.— Complaint.*—Mere delay in bringing suit upon a written contract does not constitute such laches on the part of the plaintiff as will render his complaint bad on a demurrer thereto for the want of sufficient facts, and especially so, where the action is brought within the period prescribed by the statute of limitations.

CIVIL ACTION.—*Adequate Legal Remedy.*—*Controverted Claim.*—*Mandate.*— Where the ordinary civil action will afford the plaintiff an adequate legal remedy, and, especially, where the validity of his claim is controverted, he can not resort, in the first instance at least, to the extraordinary proceeding by mandate.

SCHOOL CORPORATION.—*Teacher's Salary.*—*Want of Funds.*—*No Defence.*—In an action by a teacher against a school corporation to recover his salary or compensation for teaching school, the fact that the corporation has no funds on hand wherewith to pay the plaintiff's claim is no defence to his action.

SUPREME COURT.—*Harmless Error.*—A judgment will not be reversed by the Supreme Court for an error in sustaining a demurrer to a paragraph of answer, when it appears that all competent evidence, under such paragraph, was admissible under another paragraph of answer, upon which issue was joined.

SAME.—*Newly Discovered Evidence.*—*New Trial.*—*Affidavit.*—*Bill of Exceptions.* —Where newly discovered evidence is assigned as cause for a new trial, it must be sustained by affidavits, showing its truth; and, unless these affidavits are made part of the record by a bill of exceptions or an order of court, they can not be considered by the Supreme Court in determining whether or not the newly discovered evidence is a sufficient cause for granting a new trial.

From the Clay Circuit Court.

*E. S. Holliday* and *G. A. Byrd,* for appellant.

*S. M. McGregor, I. N. Compton, G. A. Knight* and *C. H. Knight,* for appellee.

HOWK, J.—In this case the appellee, McGregor, sued the appellant in a complaint of five paragraphs. Each paragraph counted upon a separate written agreement by and between the appellant's trustee and the appellee. The five agreements were of different dates, but in each of them the appellee, a licensed school teacher, undertook and agreed to teach a certain school, in Harrison school township, during a certain term of time and for a certain compensation, which compensation the appellant's trustee thereby undertook and agreed to pay the appellee, at the close of such term. In each paragraph of his complaint the appellee alleged that he had fully performed his part of the agreement therein declared upon; that the appellant had wholly failed to comply with

and perform its part of such agreement, in this, that it had wholly failed to pay him the compensation which it had therein agreed to pay him for his services in teaching such school, or any part thereof, although the funds for such payment had come into its hands from the common school fund of this State, and although often requested to pay, had hitherto wholly failed to pay the appellee, and that such compensation was then due the appellee, and wholly unpaid. Wherefore, etc. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $697.75, and, over the appellant's motion for a new trial, judgment was rendered on the verdict.

In this court the appellant has assigned as error the overruling of its demurrer to the appellee's complaint. This demurrer is not set out in the record of this cause. In section 339, R. S. 1881, it is provided that the defendant may demur to the complaint for either one of six specified causes, and that for no other cause shall a demurrer be sustained. It is apparent, therefore, that no available error can be predicated by the appellant in this case upon the overruling of its demurrer to appellee's complaint. *Rout* v. *Woods*, 67 Ind. 319; *Hammon* v. *Sexton*, 69 Ind. 37; *McGinnis* v. *Gabe*, 78 Ind. 457.

But the appellant has also assigned here as error that the appellee's complaint does not state facts sufficient to constitute a cause of action. This assignment of error calls in question the sufficiency of the complaint as an entirety, after verdict and judgment thereon, for the first time in this court. The complaint was certainly sufficient, if the several agreements therein declared upon were valid contracts and binding upon the appellant. It is claimed, on behalf of the appellant, that the complaint is bad, because " a school township can not be sued." This claim is utterly untenable. In section 4437, R. S. 1881, in force since August 6th, 1859, it is provided as follows: " Each and every township that now is, or may hereafter be organized in any county in this State, is hereby also declared to be a school township, and, as such, to be a body

politic and corporate, by the name and style of '—— school,—— township of —— county,' according to the name of the township and of the county in which the same may be organized; and, by such name, may contract and may be contracted with, *sue and be sued*, in any court having competent jurisdiction."

The power of a school township to sue, and its liability to be sued, have been recognized in many of the cases decided in this court. *Jackson Tp.* v. *Barnes*, 55 Ind. 136; *Wright* v. *Stockman*, 59 Ind. 65; *Utica Tp.* v. *Miller*, 62 Ind. 230; *Hornby* v. *State, ex rel.*, 69 Ind. 102.

Again, it is urged by the appellant's counsel, that the complaint is insufficient, " because appellee's laches, in not suing long before he did, have precluded his right to recover." This objection to appellee's complaint does not seem to us to be well taken. If the averments of the complaint show laches on the part of any one, it is on the part of the appellant, rather than of the appellee. Our own reports show that the appellee has been reasonably diligent in his efforts to collect the money due him on the written contracts of the appellant now in suit. About seven years ago the appellee obtained a judgment on the same contracts in the court below, which judgment was afterwards reversed by this court, in *Harrison Tp.* v. *McGregor*, 67 Ind. 380, because the appellee had made the mistake, very common about that time, of bringing his suit against the civil instead of the school township. Aside from this, however, if the allegations of the complaint are true, and, as they are well pleaded, their truth is admitted, the only negligence shown thereby is that of the appellant, in its failure to pay the appellee his money, long since earned and due him under its contracts. The complaint would have been good even upon a demurrer thereto for the want of sufficient facts; and it is good beyond all room for doubt when questioned, as it is, after verdict and judgment, for the first time in this court.

The point is also made, on behalf of the appellant, that the appellee has mistaken his remedy; that if, by reason of the

facts stated in his complaint, he is entitled to any relief against the appellant, he can obtain such relief only by an application for a mandate against the trustee of the township. This point is not well taken. It is certainly not shown by his complaint that the appellee did not have an adequate legal remedy in the ordinary civil action, and where he has such remedy in such action, it is well settled that he can not resort, in the first instance, at least, to a proceeding by mandate. *Excelsior, etc., Ass'n* v. *Riddle,* 91 Ind. 84, and cases cited. Especially is this so, where, as in this case, the validity of the plaintiff's claim is in controversy.

The appellant next complains of the alleged error of the trial court in sustaining appellee's demurrer to the second, fifth and sixth paragraphs of its answer. It is shown by the record that on the 17th day of January, 1882, the appellant answered by a general denial and in five special or affirmative paragraphs, and the appellee was ruled to reply. The cause was then continued, and it was afterwards continued from term to term, without any action being had therein, until the January term, 1883, of the court. There is no demurrer to the answer, or to any paragraph thereof, appearing in the record, nor do the order-book entries in the cause show the filing of any such demurrer. In this state of the record it is claimed that " this court can not know what the causes of demurrer were." There is, however, under the code, only one cause of demurrer to an answer or paragraph of answer. Thus, in section 346, R. S. 1881, it is provided as follows: " Where the facts stated in any paragraph of the answer are not sufficient to constitute a cause of defence, the plaintiff may demur to it under the rules prescribed for demurring to a complaint." *Thomas* v. *Goodwine,* 88 Ind. 458.

The second paragraph of answer was pleaded by the appellant to the first paragraph of appellee's original complaint, which was a common count for work and labor done and performed by him, at appellant's request, in teaching school, etc. *Harrison Tp.* v. *McGregor, supra.* Afterwards, when the

appellee filed his amended complaint, which is the only · complaint now appearing in the record, he wholly omitted and withdrew therefrom the original first paragraph or common count.   The second paragraph of answer ought to have been withdrawn from the record at the same time, for it is wholly inapplicable to the first paragraph of the amended complaint, which counts upon the appellant's written contract.   The second paragraph of answer states that the cause of action mentioned in the first paragraph of complaint did not accrue within six years, etc.; and, as applied to the first paragraph of the amended complaint, it was clearly bad.   There was no error, therefore, in sustaining appellee's demurrer to this second paragraph of answer.

In the fifth paragraph of its answer the appellant alleged that the several sums of money apportioned, set apart and paid over to its then trustee, for the purposes of tuition, during the years the appellee averred that he taught school for the appellant, was expended and paid out by its then trustee; that no part of the sums of money claimed by the appellee as due him from the appellant was paid over to the successor in office of appellant's said trustee; and that no part of the tuition fund, which came into the hands of appellant's then trustee for the purpose of paying teachers in said township, during the time appellee averred that he taught school therein, was then in the hands of the appellant or its present trustee. "And hence defendant says that plaintiff ought not to recover a judgment against this defendant.   Wherefore," etc.

It needs no argument, we think, to show that this paragraph of answer stated no defence to appellee's action.   It amounts simply to this, that the appellant had no funds on hand to pay the appellee the money he had earned, and which it had agreed to pay him for his services in teaching school within its territorial limits.   A corporation, such as the appellant, can not plead in bar of an action upon its written contract the fact, if it be the fact, that it has no funds on hand wherewith to pay its just indebtedness. Appellee's complaint

shows that the appellant is indebted to him in a large sum
of money, for his services in teaching one of its schools, for
which he demanded judgment. In the paragraph of its an-
swer now under consideration, the appellant does not deny
its indebtedness to the appellee, but it says that it has no
money in its hands applicable to the payment of such indebt-
edness; and the paragraph concludes with the singular *non
sequitur*, "and hence plaintiff ought not to recover a judg-
ment against this defendant." The paragraph of answer was
clearly insufficient, and the demurrer thereto was correctly
sustained. *Harmony School Tp.* v. *Moore*, 80 Ind. 276.

In the sixth paragraph of its answer the appellant alleged
that, at the time the appellee rendered his services as claimed in
his complaint, Robert Dalton, with whom, as trustee, appellee
contracted, was the duly elected, qualified and acting trus-
tee of Harrison township, and *ex officio* trustee of Harrison
school township, and, as such, had full control of all the ed-
ucational matters of such school township; that for each of
the terms of school so taught by him, the appellee had drawn
from the proper legal sources all the funds due such town-
ship for tuition purposes; that, for each of the several terms
of school the appellee alleged that he taught in such town-
ship, the trustee thereof legally and properly expended all
the money assigned to such township; that all of such funds
were expended for the purposes of tuition; that such trus-
tee, in due form of law, reported his account current to the
board of commissioners of Clay county, which report was re-
ceived, approved and published in conformity to law, and
copies thereof duly filed with the county superintendent; that
in said several reports appellee's several claims are shown to
have been fully paid and satisfied, and said fund exhausted
and nothing on hand for the payment of said balances.

And the appellant averred that the appellee was estopped
from contracting for any of such funds in advance, and had
full knowledge, notice and information of said several reports
and the records thereof, and of all the official acts of such

trustee, and of the full expenditure of all the tuition funds of such township for the several years claimed in such complaint; that if anything was due appellee there were no funds or means of paying the same under the appellant's control; that if appellee had any remedy it was on the official bond of said Dalton, as such trustee, and not against the appellant; and that the appellee was estopped and legally barred of his suit against appellant.    Wherefore, etc.

In the first paragraph of its answer, the appellant alleged that before the commencement of this suit it had fully paid the appellee each and all the sums of money sued for, in each and all the several paragraphs of his complaint.  In the third paragraph of its answer, the appellant alleged that it paid the appellee the full sum of money demanded in each paragraph of his complaint; that appellee then and there executed to Robert Dalton, its then trustee (whose assistant appellee then was in the discharge of his official duties as such trustee), his receipts in full for said several sums of money, copies of which receipts were filed with and made parts of such paragraph of answer; whereby appellee acknowledged the receipt of all that was due him under the several paragraphs of his complaint; that the appellee then and there consented to, altered and aided appellant's then trustee in the preparation and execution of his official reports to the board of commissioners of Clay county, at and in the board's regular settlements with such trustee; that in said reports of such trustee, officially made under the statute, the said several receipts for the said sums of money, claimed by appellee to then and still be due from the appellant for his services as a teacher, as stated in his complaint, were filed as vouchers and were received and approved by the county board, as receipts in full discharge of appellee's claim as a teacher of the schools of said township; that the board of commissioners then and there, with the appellee's knowledge and consent, fully approved and accepted such reports of said trustee, and the said several receipts for the respective amounts were fully

credited to said trustee as an expenditure of so much of the tuition funds of said township, all of which was duly advertised in the township, in due form of law, with appellee's knowledge and consent, by all of which the tuition funds were entirely exhausted for those years. Wherefore the appellant said that the appellee was estopped from claiming that any of the said receipts were false and forged, or that he had or has any debt due him from the appellant, under the contracts in suit.

These two affirmative paragraphs of answer, the *first* and *third*, remain in the record, and upon these the appellee joined issue by a reply in general denial. By a second reply to so much of the third paragraph of answer as set up his execution of vouchers, the appellee denied under oath the signature of certain of such vouchers, and said that he never signed, nor authorized any person to sign, his name to said instruments. This second reply was duly verified by the oath of the appellee.

The fourth paragraph of appellant's answer, also remaining in the record, was a general denial of each and every allegation of appellee's complaint.

With this statement of the issues of fact in the cause, we proceed now to the consideration of the alleged error of the court in sustaining appellee's demurrer to the sixth paragraph of answer, of which paragraph we have heretofore given a full summary. We are of opinion that no available error was committed by the court in sustaining the demurrer to this sixth paragraph of answer; for every material fact averred in this paragraph was clearly admissible in evidence under other paragraphs of answer, remaining in the record. In such a case it has often been decided by this court that the error in sustaining the demurrer is harmless, and, for a harmless error, a judgment will not be reversed. *Evansville, etc., R. R. Co.* v. *Baum*, 26 Ind. 70; *Wolf* v. *Schofield*, 38 Ind. 175;

*Marks* v. *Trustees, etc.,* 56 Ind. 288; *Traylor* v. *Dykins,* 91 Ind. 229.

Under the alleged error of the court, in overruling its motion for a new trial, it is first claimed on behalf of the appellant, that the verdict of the jury was not sustained by sufficient evidence. In discussing this cause for a new trial the only point made by the appellant's counsel is that the appellee had failed to show by evidence that the funds for the payment of his claim had come into appellant's hands from the common school fund of this State, as he had alleged in his complaint. The allegation in question was an immaterial and unnecessary one, and it was not requisite to appellee's recovery in the action that its truth should be established by evidence. In *Harmony School Tp.* v. *Moore, supra,* it was held that in an action against a school township to recover for services rendered as a teacher, it is not necessary to allege in the complaint that the trustee has sufficient funds belonging to the school revenue for tuition with which to pay the claim. If the fact need not be alleged, surely it need not be proved.

The only other cause for a new trial, upon which the appellant's counsel seem to rely in argument for the reversal of judgment, is " newly-discovered evidence." This is the *seventh* statutory cause for a new trial (section 559, R. S. 1881), and it must be sustained by affidavit showing its truth. Section 562, R. S. 1881. The clerk of the court below has copied into the transcript of this cause two affidavits, which seem to have been filed with appellant's motion for a new trial. But these affidavits were not made a part of the record either by a bill of exceptions or by an order of the court; and therefore they can not be considered here in determining the question whether or not the appellant was entitled to a new trial on the ground of newly-discovered evidence. This point is settled by many decisions of this court. *Fryberger* v. *Perkins,* 66 Ind. 19; *Williams* v. *Potter,* 72 Ind. 354; *Iles* v. *Watson,* 76 Ind. 359; *Chambers* v. *Kyle,* 87 Ind. 83.

The motion for a new trial was correctly overruled.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

