WHITE ET AL. *v.* BOARD OF COMMISSIONERS OF OWEN COUNTY ET AL.

[No. 13,005. Filed February 23, 1928. Rehearing denied June 21, 1928.]

*Slinkard & Slinkard,* for appellants.

NICHOLS, J.—Action by appellants against appellees to quiet title to certain real estate situate in Owen county, State of Indiana.

To the complaint in two paragraphs, there was an answer in denial by each appellee. Each appellee filed a cross-complaint which was answered by a general denial.

Trial by the court, which resulted in special findings of fact and conclusions of law in favor of appellees, on which judgment was rendered. The error assigned is the court's conclusions of law.

It appears by the findings that, for the purpose of procuring the location of the county seat, and as a donation, Richard Beem and his wife, on July 11, 1827, executed to the county agent of Owen county a warranty deed for seventy and one-half acres of land, and that, for the same purpose, on July 13, 1828, Joseph Bartholomew executed to the county agent of Owen county a deed for thirty acres of land. These two tracts (we do not need to determine which one) include the land here in dispute. The court further finds that no deed was ever executed by Owen county conveying or attempting to convey the land in dispute, but that the record title thereof has always remained in Owen county except that deeds have been executed within the last twenty-five or thirty years by parties who were neither original nor successive grantees of Owen county.

It appears by the findings that appellants, and their successive grantors, had not held a continuous and exclusive and adverse possesion of the real estate in dispute

during the statutory period of limitations, but that a part of it has been used for a public highway, and the remainder of it at different times during the statutory period by the public in divers ways.

Appellants cannot prevail in this action for the reasons that there is no finding that they have held the real estate for the statutory period adversely and exclusively under claim of title. We do not need to decide as to whether title to real estate, as against the state, can be acquired by adverse possession.

Neither appellees nor their counsel have favored us with a brief answering appellant's brief. Because of this apparent neglect of duty, if we have failed to state clearly the findings involved and the law applicable thereto, appellee may not complain.

Judgment affirmed.