BARRINGER *v.* GUILFORD SCHOOL TOWNSHIP OF HENDRICKS COUNTY.

[No. 14,876. Filed March 11, 1935. Rehearing denied June 5, 1935.]

*Arthur L. Gilliom,* and *Edgar M. Blessing,* for appellant.

*Horace L. Hanna,* and *Charles S. Wiltsie,* for appellee.

SMITH, C. J.—Appellant sued appellee upon an ex-

press contract for services as architect and engineer in the preparation of plans and specifications for the construction of a high school bluilding.

The only questions raised are upon the sustaining of the demurrer to appellant's amended complaint, which in substance is as follows:

That the appellant is a duly licensed and practicing professional engineer and architect of the State of Indiana, and the appellee is a duly established and existing school township in the county of Hendricks in the State of Indiana; that one Robert W. Stephenson was the duly elected and acting trustee of appellee, and also of the Guilford civil township, and Walter H. Barlow, Wilbur H. Kellum, and Albert Sheets were the duly elected and qualified and acting members of the advisory board of said township; that a special meeting was called by the trustee and held on the first day of January, 1930, which meeting was attended by all members of the advisory board and the trustee, at which time the advisory board found that it was indispensably necessary to provide for the immediate construction of a senior high school building in said township, and that an emergency existed for the construction of said building, and also found that 25 per cent of the legal voters of the civil township had petitioned for the construction and equipment of a building upon the school grounds to teach the arts of agriculture, domestic science, and physical or practical culture, and in which to hold township entertainments as provided in chapter 54, Acts of the General Assembly of Indiana of 1913, sections 6905, 6906, 6907, Burns Ann. St. 1926, §§28-3419, 28-3420, 28-3421 Burns' 1933, §§6466, 6467, 6468 Baldwin's Ind. St. 1934; that at this special meeting the advisory board, after finding the emergency to exist for both enterprises, authorized the trustee to issue bonds of the school township in the sum of

$45,000, and at the same time appropriated said sum of $45,000, together with any premiums and interest resulting from the sale of the bonds, for the purpose of paying the costs of such building, and also found that an emergency existed for the construction of the other building, under said chapter 54, *supra*, and that such other building should be in the form of a unit to the senior high school building to be constructed; that a great saving could be made, and that it was in the interest of the taxpayers of the township if the building so petitioned for was constructed as a unit to said senior high school building, and both constructed under one contract; that said board also authorized the civil township to issue bonds in the sum of $30,000, and at the same time appropriated said sum, together with interest and premiums on said bonds, to pay the cost of said unit; that said respective bond issues were within the constitutional debt limits of said respective townships.

The complaint further alleged that findings of the board authorizing the appropriations were made in due form, and duly entered in the minute record of said advisory board, and that all the minutes of said advisory board were signed by the members of the board and trustee before the adjournment of the meeting; that it was necessary to employ an architect and engineer to prepare plans and specifications for said building; that there were no monies in the treasuries of said townships, and no annual levies were available for appropriation for payment for the services of said architect and engineer; that said units could not be constructed and bids from contractors obtained without appropriate plans and specifications being first prepared by an architect and engineer; that the cost of the services of an architect and engineer for preparing such plans and specifications constitute a necessary part of the cost of said high school building and said unit, for which

costs said appropriations were made; that without incurring such costs for the services of the architect and engineer it would be impossible for the advisory board and trustee to meet said emergencies for said high school building and said unit thereto; that at the meeting of said advisory board at the time said appropriations were made, said board and trustee employed appellant as said architect and engineer in behalf of the appellee, and the civil township for the construction of said improvements, and that said advisory board before adjournment made minutes of said employment and entered the same in its minute record, and the members of the advisory board and the trustee signed said minutes before the adjournment of the meeting.

The complaint then alleged that the said minutes of employment are as follows:

"And now the Township trustee reports to the Board that there are in waiting four firms of architects, who are willing to appear before said Board and present plans of buildings suitable to meet the demands of said Guilford Township as above specified and the Board interviews the following architects: Omer P. Gordon, Greenfield, Indiana, Wilbur R. Shook, Indianapolis, Indiana; John M. Barringer of the Greensburg Engineering Company, Greensburg, Indiana, and Norman H. Hill, Indianapolis, Indiana, and upon interviewing said architects, Robert W. Stephenson, Trustee, with the unanimous consent and approval of the advisory board selected John M. Barringer as architect and employed said architect to act as architect and engineer for the construction and improvement of the aforesaid Senior High School Unit, and for other purposes as specified above, and said architect accepts said employment, and now furnishes said board with an estimate and detailed statement of the probable cost of such work or improvement."

That a copy of the minutes of all the proceedings at the same meeting of the advisory board is attached to the complaint, and made a part thereof; that following

his employment the appellant prepared plans and speci-fications for said high school building and the other unit heretofore mentioned, and did all things required of him as such architect and engineer under said employment; that said plans and specifications were approved by the State Board of Health of the State of Indiana, and were also approved and accepted by said advisory board and trustee; that appellant made numerous blueprints of the plans and copies of the specifications, and furnished them to the advisory board and trustee; that said trustee advertised for bids for construction of the high school building and the other unit in accordance with plans and specifications so prepared by appellant, and on the 8th day of April, 1930, in accordance with the advertisements, duly awarded a contract for the construction of the school building and other unit thereto for a total sum of $71,725; that bonds were duly sold in accordance with the resolution of the board, but the proceeds were not received by the township.

The complaint further alleged that, after a subsequent election, the personnel of said trustee and of the advisory board was changed, and that the new trustee and advisory board abandoned said proceedings, and began other proceedings for the construction of a high school building on the high school ground, and employed another architect, and did construct a high school building on said grounds; that without fault on the part of the appellant said advisory board and trustee set aside the first contracts so awarded for the building, and said bond sale, and entered in the minute record of the board that said action was taken "by reason of being *uncareful* in the sale of bonds;" that implied in, and constituting a part of, said contract of employment shown by said minutes of the advisory board is a promise by appellee to pay within a reasonable time the reasonable value of the services to be performed by appellant as

said architect and engineer; that a reasonable value of said services rendered by appellant is $1,350.50; and that a reasonable time for paying said sum had expired; that appellant made demand for payment for said sum owing to him, but payment was refused, and that said sum is now due to appellant and is wholly unpaid. Judgment is prayed for said sum together with interest.

To this complaint is attached a copy of the minutes and proceedings of the advisory board, which are in substance as heretofore set out.

To this complaint appellee filed a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and set forth seventeen paragraphs of memoranda. Many of these paragraphs of memoranda are repetitions, and no good purpose could be served by setting them out at length. The substance of the memoranda to the demurrer is: (1) That the combined construction project for the new high school and the other unit was not authorized by law; (2) that a sufficiently definite contract of employment between appellant and appellee was not entered into; (3) that a sufficient appropriation for the employment of the appellant was not made, and hence his employment was not valid; (4) that it was not shown in the complaint that the appellee had or now has on hand available money in the treasury with which to pay for appellant's services.

We think that the above sufficiently states the causes for demurrer as set forth in the memoranda, and raises all of the questions presented by the demurrer. This demurrer was sustained by the court, to which action appellant excepted and refused to plead further.

The court rendered judgment, that the appellant take nothing by his complaint, and that the appellee recover its costs.

The only error assigned and relied upon for reversal

452

is the sustaining of the demurrer to appellant's complaint.

The question presented for decision is, Do the minutes and proceedings of the advisory board and the trustee, heretofore referred to, constitute a valid, express contract of employment upon which appellant can recover for his services rendered thereunder?

In its memoranda to the demurrer, appellee first contends that because the advisory board, acting in its dual capacity sought to combine the construction of the high school and the other unit, as provided in chapter 54, Acts of 1913, *supra,* such construction project was not authorized by law. No authority is cited to this proposition that is in point; but from the reading of the emergency statute (section 12068, Burns Ann. St. 1926, sec. 65-313, Burns 1933, sec. 16107, Baldwin's Ind. St. 1934), and the other statute (secs. 6905, 6906, 6907, Burns 1926, secs. 28-3419, 28-3420, 28-3421, Burns 1933, secs. 6466, 6467, 6468, Baldwin's Ind. St. 1934), it is clearly implied that the trustee and advisory board have the power, in the interest of economy, and in the absence of fraud or wrongdoing, to construct the two units as proposed herein, under one roof. In fact, the statute last referred to provides that the building proposed therein shall be upon ground or real estate upon which such high school is situated. The advisory board found that not only does an emergency exist, but also that it would be in the interest of economy to construct both of said units under one roof. They were separate units, separate appropriations were made, one by the school township and the other by the civil township, and separate bond issues proposed. The fact that one unit was to be constructed by the school township and the other by the civil township does not prevent them from being constructed under one contract; and the application of the appropriations of the two town-

ships to construction costs merely involved a practical division of the rooms of the building to the two uses, which was a matter of administration, and does not concern us here. It would be a matter for the township trustee and the advisory board to see to it that the moneys appropriated by the two townships went into the proper unit of construction. Certainly this could have no bearing upon the question at issue in this case. The architect was employed by each township, and his services accepted by the appellee herein.

Appellee next advances the proposition that a sufficiently definite contract of employment was not entered into, and is not so shown by the complaint. There is nothing in the statutes pertaining to the kind of a contract that shall be entered into by the school township and the architect in matters of this character. The only provision in the statutes whatever referring to that matter is that provided in sec. 12071, Burns Ann. St. 1926, sec. 65-319, Burns 1933, sec. 16078, Baldwin's Ind. St. 1934, which says, "If a trustee finds it necessary to erect a new schoolhouse, he shall procure suitable specifications therefor, to be used by the bidders in bidding and in the construction of such house." This is all the reference that is made to the subject of plans and specifications, or even indirectly referring to an architect. It would go without saying that before the trustee and the advisory board could even start toward the construction of a school building they would have plans and specifications therefor in order to ascertain its probable cost, and make the necessary arrangements as provided in the statute for such construction and to issue bonds and raise funds with which to pay for the same. The contract sued upon in this action is an express contract with an implied covenant therein that the appellee will pay what the services are reasonably worth. Inasmuch as the statute

does not provide the form of a contract that shall be made, we think the contract set out in the complaint herein as embodied in the minutes of the advisory board, and signed by them and the trustee constitutes a valid, express contract with the implied provision to pay the appellant what the services are reasonably worth within a reasonable time.

This doctrine was announced in the case of *State of Indiana* v. *Feigel* (1931), 204 Ind. 438, 446, 178 N. E. 435. This was a suit for damages brought against the state on account of the construction of a highway. The court in speaking of implication in contracts of this character said:

> "Looking at this contract in the light of the decisions referred to, it occurs to us that the plainest principles of justice require the implication of a covenant on the part of the state to provide a right of way so as to enable the appellee to prosecute his work to the utmost advantage and economy."

By like reasoning it must be said that in the instant case justice requires the implication of a covenant on the part of the appellee to pay what the services are reasonably worth within a reasonable time.

The court in the Feigel case, *supra,* further said that contracts entered into by the proper officers of the state, after proper preliminary proceedings had been taken, constitute a valid and binding obligation on the part of the state, and must be adjudged and abide by the rules which govern in determining the rights of private citizens contracting and dealing with each other.

> "There is not one law for the state and another for its subjects. When the state engages in business and business enterprises, and enters into contracts with individuals, the rights and obligations of the contracting parties must be adjusted upon the same principles as if both contracting parties were private persons. Both stand upon equality before the law." page 445. (and cases there cited).

In applying these rules of construction to the instant case, there can be no question but that there was a valid, express contract between the parties hereto containing the aforesaid implication, which, under the law, can be enforced. However, in matters such as in the instant case dealing with school townships, preliminary proceedings as provided in the statute must be complied with. All of the legal steps provided by the statutes for the construction of the buildings in the instant case were taken, as shown by the copy of the proceedings of the advisory board attached to the complaint, the substance of which we have set out.

Upon the question of the implied covenant in contracts of this character as between individuals, see *Botts* v. *Fultz, Administrator* (1880), 70 Ind. 396.

The next question presented by appellee is that a sufficient appropriation to render the employment valid is not shown, that (quoting from appellee's brief) "Without a lawful appropriation made by the advisory board therefor, there cannot be a valid contract which could be enforced against the township, either civil or school, in an emergency matter of the character here involved."

Many of the cases appellee cited to this proposition are not in point. It cited the *Union School Township* v. *Moon* (1928), 162 N. E. 61, but upon petition for transfer this case was later taken over by the Supreme Court, and decided adversely to appellee's contention. Appellee alleges that before appellant can recover there must be a specific appropriation of a specific amount for architect and engineering fees. This is not tenable. In the case of *Union School Township of St. Joseph County* v. *Moon* (1933), 205 Ind. 514, 520, 187 N. E. 332, the Supreme Court said:

"The services of an attorney, specially employed to direct township officers concerning their duties,

as here, like that of an architect, must necessarily involve certain important preliminaries before funds can be obtained to meet an appropriation to pay for such services. It therefore may be very properly said that the services of appellee should be regarded as an item in the completion of the project, and the debt thus incurred should be charged as a part of the costs of the building and payable out of the appropriation therefor."

Although the Moon case involved the services of an attorney, and this case those of an architect and engineer, there can be no difference as to the legal effect. In fact, the court in the Moon case used the expression, "like that of an architect." In the Moon case there was no specific appropriation at the time of beginning work; however, the advisory board later set aside a sum for attorney fees, then failed to make provision for its payment. We think that the reasoning in the Moon case, *supra,* is applicable to the case at bar. It is true, as appellee contends, that no debts of the township shall be created except by the advisory board and in the manner specified in the statute; but the debt in the instant case was created by the advisory board, authorized by its members, and the contract of employment entered into by them.

It is further contended by appellee that there was no finding by the advisory board that an emergency existed for the expenditure of the sum of money for architect's fees. The emergency found by the advisory board was the building of the schoolhouse and the other unit; and, as previously said herein, and pronounced by the Supreme Court in the Moon case, *supra,* the emergency for the construction of the building and the appropriation therefor carried with it the necessity of employing the architect to plan and construct the building.

Appellee further contends that it was not shown by the complaint that appellee had in its treasury money

available to pay for appellant's services. This was not necessary, for the services of the architect must of necessity involve certain important preliminaries before funds could be obtained to meet an appropriation to pay for such services. These services thus incurred must then be charged as part of the cost of the building, and be paid out of the building appropriation.

Appellee's authorities, in the main, are cases of mandate, and it would unduly extend this opinion to undertake to analyze them. Some of the cases referred to contracts where the trustee had clearly exceeded the power given him by statute, and others where he had acted and incurred the debt without any action whatever on the part of the advisory board. These cases are clearly not in point.

We therefore hold that the project contemplated in the proceedings of the advisory board in the instant case was clearly authorized by law, and that the contract of employment of appellant was sufficiently definite and certain to constitute an express contract with the implied covenant to pay the reasonable value of the services rendered within a reasonable time; that the appropriation made and to be raised by appellee's bond issue is sufficient to cover the costs in connection with the employment of appellant. The facts as pleaded in this complaint state a cause of action upon which a general judgment against appellee can be rendered, and are sufficient as against this demurrer. It is not necessary to show in the complaint that appellee had available money in the treasury either at the time of making the contract, or now, with which to pay for services such as rendered by appellant herein. *Harmony School Township* v. *Moore* (1882), 80 Ind. 276; *Harrison School Township* v. *McGregor* (1884), 96 Ind. 185, 194.

The trial court erred in sustaining the demurrer to the amended complaint. Judgment is reversed with directions to the lower court to overrule said demurrer and for further proceedings not inconsistent with this opinion.